(139 App. Div. 572.)

### PEOPLE v. TILLMAN.

(Supreme Court, Appellate Division, First Department. July 7, 1910.)

1. PERJURY (§ 25*)—INDICTMENT—MATERIALITY OF EVIDENCE.

An indictment for perjury need not set forth the facts on which the materiality of the alleged perjured evidence depends; it being sufficient if it charges generally that the evidence was material.

[Ed. Note.—For other cases, see Perjury, Cent. Dig. § 83; Dec. Dig. § 25.*]

2. PERJURY (§ 25*)—INDICTMENT—MATERIALITY OF EVIDENCE—PRESUMPTIONS.

An indictment charged defendant with perjury, in that he appeared as a witness before the commissioners of accounts of New York, theretofore duly appointed by the mayor, and who were by the mayor's directions conducting a special examination into the accounts and methods of the bureau of licenses, and, on being sworn, defendant falsely testified that he had never received any money from one E., who was the proprietor of a common show in that part of the city known as Jamaica, etc., and that such evidence was material. *Held* that, since the indictment did not show that E. was not the proprietor of a common show, or that he was not required to pay a license, it sufficiently charged the materiality of the testimony as against a demurrer; and this, though the indictment did not also connect defendant with the bureau of licenses.

[Ed. Note.—For other cases, see Perjury, Cent. Dig. §§ 83, 84; Dec. Dig. § 25.*]

3. CRIMINAL LAW (§ 304*)—EVIDENCE—JUDICIAL NOTICE—NEW YORK CITY CHARTER.

The Appellate Division for the First Department will take judicial notice of the provisions of the New York City charter (Laws 1901, c. 466).

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 706; Dec. Dig. § 304.*]

Appeal from Court of General Sessions, New York County.

Arthur G. Tillman was indicted for perjury, and from an order allowing a demurrer to the indictment (63 Misc. Rep. 461, 118 N. Y. Supp. 442), the People appeal. Reversed, and demurrer disallowed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Robert S. Johnstone, Deputy Asst. Dist. Atty., for the People.
Henry W. Unger (Abraham Levy, on the brief), for respondent.

LAUGHLIN, J. The indictment charges the defendant with the crime of perjury, which, on the 23d of October, 1908, the time the indictment was found, was defined by section 96 of the Penal Code

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

(now section 1620 of the Penal Law [Consol. Laws, c. 40]), and was found by a grand jury in the Court of General Sessions of the Peace in and for the City and County of New York. The grounds of the demurrer are that the indictment does not conform to sections 275 and 276 of the Code of Criminal Procedure, and does not state facts sufficient to constitute a crime. The point upon which the demurrer was sustained is that it appears on the face of the indictment that the testimony alleged to be false was not material within the contemplation of the statute. No attempt is made to sustain the order on any theory other than this. The contention in support of the demurrer is that the indictment fails to state facts sufficient to show that the crime was committed, in that it is not shown that the testimony was material, and, on the contrary, it appears that it was not.

It is charged in the indictment that on the 16th day of October, 1908, the defendant duly appeared as a witness before the commissioners of accounts of the city of New York, who had theretofore been duly appointed by the mayor, and who were by his direction conducting "a special examination" into the "accounts" and "methods" of the bureau of licenses, which is alleged to be a municipal office attached to the mayor's office, and on being duly sworn by one of the commissioners then and there falsely testified that he had never received any money from one Francis M. Edwards, who, it is alleged, was the proprietor of a common show in that part of the city known as Jamaica. It is charged, in effect, that it appears by the provisions of the charter, of which we may take judicial notice, that it was the duty of the commissioners of accounts, among other things, to "make such special examinations of the accounts and methods of the departments and offices of the city and of the counties of New York, Richmond, Queens and Kings, as the mayor may from time to time direct, and such other examinations as the said commissioners may deem for the best interests of the city, and report to the mayor and the board of aldermen the results thereof," and that "for the purpose of ascertaining facts in connection with these examinations that shall have full power to compel the attendance of witnesses, to administer oaths and to examine such persons as they may deem necessary." Section 119, Greater New York Charter (Laws 1901, c. 466). It is further alleged in the indictment that:

"At and upon the said examination by and before the said commissioners of accounts as aforesaid it then and there became and was material whether he, the said Arthur G. Tillman, ever received any money from one Francis M. Edwards, the proprietor of a common show in that portion of the city of New York commonly called Jamaica."

It is conceded that it is not necessary that the indictment should set forth the facts upon which the materiality of the evidence depends, and that it is sufficient if it charges generally that the evidence was material, and this rule of law appears to be fully sustained by the authorities. Wood v. People, 59 N. Y. 117; People v. Grimshaw, 33 Hun, 505; 30 Cyc. pp. 1434, 1435, 1436; 16 Encyc. Pl. and Pr. pp. 343, 344; 2 Bishop's New Crim. Pro. (4th Ed.) § 921; 2 Wharton's Crim. Law (10th Ed.) § 1304.

The principal question, therefore, is that upon which the case was decided below, namely, whether the indictment shows that the testimony cannot be material, and thus destroys the allegation that it was material. The theory of the opinion below, and upon which the order is sought to be sustained, is that, since there is no allegation that the defendant was connected with the bureau of licenses, it must be presumed that he was a stranger thereto, and that it is wholly immaterial to any inquiry concerning the "methods" or "accounts" of the bureau of licenses whether he received any money from Edwards, the proprietor of a common show at Jamaica; it appearing from the allegations of the indictment that the ordinances requiring that common shows be licensed are confined to the county of New York. We do not deem it necessary to decide whether, if the allegation in the indictment that the ordinances requiring that common shows be licensed was in force in the *county of New York* were material, it is sufficiently overcome or modified by the other allegations to the effect that there shall be a branch office of the bureau of licenses in each borough, to admit proof upon the trial that the ordinances were in force *throughout Greater New York*. Under the general allegation that the false testimony was material to the investigation, every fact essential to show its materiality, including an ordinance that the proprietor of a common show required a license, might be proved. Nor do we, for the same reason, deem it necessary to decide whether the statement in the indictment that Edwards was the "proprietor" of a common show, if it were material, would be sufficient to admit evidence that he was engaged in or carrying on the business of a common show, within the scope of section 306 of the municipal ordinances set forth in the indictment.

The materiality of the testimony being sufficiently stated by a general allegation to the effect that it was material, it is manifest that the objections made to this indictment below, and upon which it is sought to sustain the order, may arise upon the trial, but cannot be determined on a demurrer to the indictment. It is manifest, and it is conceded, that if the defendant was connected with the bureau of licenses, and if Edwards required a license, the testimony was material. It directly follows from this that the indictment is sufficient, for these facts are not negatived; it not being stated in the indictment that Edwards did not require a license, or that the defendant was not an employé of the city in the bureau of licenses. We do not, however, rest our decision on this narrow ground; for it is evident that, even though the defendant was not connected with the bureau of licenses, his testimony with respect to the receipt of money from Edwards might be material to show a connecting link to establish corruption or irregular practices on the part of the bureau of licenses in conducting business with those requiring or supposed to require licenses.

It follows, therefore, that the order should be reversed, and the demurrer disallowed. All concur.