## COUNTY COURT—ULSTER COUNTY.

### May, 1912.

### THE PEOPLE v. SAMUEL W. WEBBER.

#### (76 Misc. 581.)

(1) PERJURY*—INDICTMENT—DEFENDANT A WITNESS BEFORE PRIOR GRAND JURY.

Defendant's motion for inspection of the minutes of the grand jury denied for reasons stated in the opinion immediately ante.

Perjury may be prosecuted upon the testimony of a witness, who, without claiming his privilege against self-incrimination, testifies before a grand jury in a pending proceeding but not directly against him; and his motion to dismiss the indictment found against him for perjury, on the ground that his constitutional rights were violated, will be denied.

(2) SAME—DEMURRER TO INDICTMENT.†

Where, in an indictment for perjury, the materiality of alleged false testimony of defendant appears both from the allegation of its materiality and from the facts alleged showing it was material, a demurrer to the indictment will be overruled.

MOTION to inspect the minutes of the grand jury; motion to dismiss the indictment upon the ground that the defendant, Webber, had gained immunity; demurrer to indictment.

*William D. Cunningham,* district attorney, for people.

*G. D. B. Hasbrouck* (*Brinnier & Canfield,* of counsel), for defendant.

CANTINE, J.:

For the reasons stated in the case of People v. Elite Distributing Company and Samuel W. Webber (post, page 345),

---

* See Notes on Perjury, 12-256, 16-491, 17-408, 26-273.
† See Notes on Indictment, 6-374, 10-588, 14-174, 22-454.

the motion for an inspection of the grand jury minutes is denied.

The defendant claims in the motion to dismiss the indictment that his constitutional immunity from testifying against himself was infringed, when he was called before the grand jury in October, to testify in the case of People v. Kiss and Graubart, and, even conceding his statement before the grand jury to be false, and material to the issue, it could not be the basis of a charge for perjury.

These views are based upon the opinion of Justice McLaughlin concurred in by Justice Ingraham in People v. Gillette, 126 App. Div. 665. The majority of the court in that case did not concur in those views. In an earlier decision, People ex rel. Hummel v. Davy, 105 App. Div. 598, will also be found a dissenting opinion of Justice Ingraham expressing the same ideas.

We must eliminate, in considering this subject, all cases in which a person is called as a witness, sworn and claiming his privilege, and an application thereupon to punish him for contempt. The law in that line of cases is well settled. Counselman v. Hitchcock, 142 U. S. 547; People ex rel. Lewisohn v. O'Brien, 176 N. Y. 253.

A second situation must also be eliminated, viz.: a witness is called, a claim of privilege is made and overruled by the magistrate or tribunal and an answer compelled. In that situation the law is, that no use can be made of the answer.

The third situation is presented by this motion, viz.: proceedings pending but not directly against the witness, who is subpoenaed, the privilege not claimed and the crime of perjury predicated upon his answers. Thus eliminated and defined, the proposition falls within the principles laid down in the decisions beginning with People v. Henderickson, 10 N. Y. 13, and ending with People v. Molineux, 168 id. 264, viz., that the constitutional right must be claimed by the witness at

the time the question is asked. It is purely personal and, if not claimed at the time, it is waived and the answer becomes voluntary. The answer thus given may thereafter be used against the witness when subsequently charged with the commission of the crime.

The testimony so given before a tribunal is to be tested by the same standards as the testimony of any witness.

The motion to dismiss the indictment, is denied.

Third. The demurrer raises the question of the materiality of the testimony. The indictment must show either that the testimony given was material to the issue upon trial, or under investigation, or, the facts must be alleged in the indictment showing how the testimony was material.

If the former alternative is employed, then no facts showing the materiality need be alleged. If the latter, then no allegation of materiality becomes necessary as the facts alleged show the materiality. People v. Tillman, 139 App. Div. 572; affd. 201 N. Y. 578; People v. Peck, 146 App. Div. 266.

This indictment under consideration covers both alternatives. The materiality appears from the allegation of materiality and from the facts alleged, viz., that Kiss and Graubart represented themselves to be in the employ of the Elite Distributing Company and, that being so employed, the certificate was properly in their possession and that they were authorized to sell the same.

The testimony of Webber was to the effect that Kiss and Graubart were discharged and were not authorized to represent themselves as the agents of the Elite Distributing Company, and had no right to the possession of the certificate.

The charge against Kiss and Graubart under consideration included within its limits the obtaining of the property by means of a false token, viz.: the certificate, and also the representations made in connection therewith.

Demurrer overruled.