## COURT OF GENERAL SESSIONS — NEW YORK COUNTY.

### January, 1917.

## THE PEOPLE v. ISIDOR D. MORRISON.

(98 Misc. 555.)

INDICTMENTS—FOR PERJURY—PLEADING—GRAND JURY—EVIDENCE—GENERAL BUSINESS LAW, § 340.

An indictment for perjury charged to have been committed before the grand jury must set forth the specific violation of law the grand jury were investigating.

Where facts alleged in an indictment charging defendant with perjury committed before the grand jury, upon an investigation of an alleged violation of section 340 of the General Business Law, negatives the materiality of his said testimony and shows that it must have been immaterial, the indictment is bad on demurrer, notwithstanding the indictment contains an allegation that the testimony was material.

DEMURRER filed by the defendant on the 20th day of December, 1916, to an indictment charging him with perjury committed while testifying as a witness before the grand jury of the county of New York.

*Edward Swann, District Attorney (Robert S. Johnstone, of counsel), for People.*

*Koenig, Goldsmith & Sittenfield (Samuel S. Koenig, of counsel), for defendant.*

NOTT, J.:

The indictment alleges that on the 23d day of November, 1916, there was pending before the grand jury of the

county of New York a certain investigation for the purpose, among other things, of ascertaining whether one Baff and others had been guilty " of the crime of unlawfully making and entering into a contract, agreement, arrangement and combination, whereby monopoly in the sale in this State of an article and commodity of common use was and might be created, established and maintained, and whereby competition in the supply and price of such commodity was and might be restrained and prevented; " that the said Morrison was called as a witness before the grand jury on the said date and was duly sworn and that it then and there became and was material whether theretofore the said Morrison had explained in detail to Edward Swann, district attorney of the said county, what he, Morrison, and others intended to do regarding the purchase and sale of live poultry in the city of New York, and whether the said Swann told him that the plan of operation contemplated by the defendant and others would have the approval of the district attorney, and whether the said Swann asked the defendant how much profit was intended to be charged and whether the defendant stated that the profit necessary in the business was twenty and thirty per cent., and whether the said Swann then stated to the defendant that he, the defendant, and others associated with him would have no trouble from him, and whether said Swann stated to the defendant " I don't want you to charge one hundred per cent. like these lithographers which you hear about," and whether the said Swann said to the defendant that as long as he and his associates asked a reasonable profit they need not fear him and that " as long as Dr. Magnes or any one designated by him will be connected with this corporation you will not only have my approval, but my co-operation." The indictment then proceeds to allege that the defendant swore that the above statements and questions were made and asked by the district attorney and that at the time the defendant gave such testimony the testimony was false to his knowledge.

Where a witness is charged with perjury committed before the grand jury, it is essential that the indictment set forth the specific violation of law that the grand jury were investigating. (People v. Gillette, 126 App. Div. 665.) The alleged crime which the indictment states was being investigated by the grand jury was a violation of the so-called Donnelly Act. (Gen. Business Law, § 340.) The language describing the alleged crime is a direct quotation from the language of the statute. The question, therefore, is presented whether upon an investigation of an alleged violation of that statute the fact would be material that those charged with such violation informed the district attorney of their intentions and were assured by him that their contemplated action would meet with his co-operation rather than his opposition.

There is no doubt of the general rule that an allegation in an indictment for perjury that the testimony is material is sufficient. (Wood v. People, 59 N. Y. 117; People v. Tillman, 139 App. Div. 574; People v. Peck, 146 id. 266.) But where the facts further alleged in the indictment negative the materiality of the testimony and show that it must have been immaterial, the indictment is bad on demurrer in spite of the allegation contained therein that the testimony was material. (People v. Peck, *supra;* People v. Tillman, *supra.*)

Where a defendant is charged with a violation of the Donnelly Act, the question of his motive, intent or good faith is immaterial. The only questions presented are whether a contract, agreement, arrangement or combination was entered into, and whether a monopoly in the manufacture, production or sale of an article or commodity in common use was or might thereby be established or maintained, or competition in the supply or price of such article was or might thereby be restrained or prevented. (People v. Sheldon, 139 N. Y. 251; Kellogg v. Sowerby, 190 id. 370.) While the crime under consideration in the above cited cases was a conspiracy under section 171 of

the Penal Code (Penal Law, § 580), the reasoning therein applies *a fortiori* to a violation of the Donnelly Act.

In my opinion the allegations of fact contained in the indictment negative the allegation that the testimony was material and show that it was immaterial.

As an essential ingredient of the crime of perjury is that the testimony must relate to a material matter, it follows that the indictment does not set forth the essential elements of the crime and the demurrer, therefore, must be sustained.

Demurrer sustained.