George M. Cabxey, J.
All of the 57 defendants, named in the two indictments above, other than Allan Miller and Queensboro Farms Products Inc. demur to the indictment under which they are charged and seek its dismissal.
The two indictments are drawn in substantially the same way, other than the description of certain defendants and their functions. Each indictment contains 28 counts. In each indictment, Count 1 charges a violation of sections 340 and 341 of the General Business Law (Donnelly Act); Count 2, conspiracy to commit a felony, to wit, extortion; Count 3, attempted extortion ; Counts 4 to 8 inclusive, extortion; Count 9, conspiracy to commit coercion, and counts 10 to 28 inclusive, coercion. Joint memoranda of law were submitted and the demurrers argued together at great length. The same contentions are advanced as to each demurrer. The court is therefore writing this joint decision disposing of all of the contentions raised in both demurrers.
The defendants’ first contention is that the Count 1 is demurrable because nowhere therein have the People alleged that the alleged restraints of trade were unreasonable in purpose or effect. In other words, the defendants contend that the policy has been established in New York State that in every case charging a violation of sections 340 and 341 of the General Business Law, irrespective of the facts and the methods of accomplishing the alleged restraint of trade, the test of reasonableness must be applied; and that therefore it is incumbent upon the People not only to allege in the indictment the unreasonableness of the restraint, but also to prove it at the trial. The District Attorney disputes both contentions asserted by the defendants.
Am examination of sections 340 and 341 of the General Business Law indicates that there is no language in the statute itself which would in and of itself require the pleading that defendants consider essential. The law is pretty well established that a count of an indictment that follows the language of the statute defining the crime is sufficient (People v. Finkelstein, 9 N Y 2d 342; People v. Parson, 244 N. Y. 413; Phelps v. People, 72 N .Y. 334).
The court has carefully examined the claim of defendants that in every case tried under New York law, where the defendant is charged with a violation of sections 340 and 341 of the General Business Law, a test of reasonableness must be applied to determine whether or not the defendant has violated the statute. There have been some civil cases which use broad language in asserting a test of reasonableness. There may be *768 such a test applicable in certain type cases and under certain factual conditions. This court is convinced, however, that where in a criminal case the main thrust of the People’s charge is that the defendants have combined to unlawfully fix prices on a horizontal level in restraint of trade, there is not only no requirement that the unreasonableness of the price be pleaded, but there is no burden on the People at the trial, to prove the unreasonableness of the price fixed. In fact, the price fixed might be a reasonable one, it might be higher or lower than what it should be, yet there would be a violation of sections 340 and 341 of the General Business Law if the price was fixed on a horizontal level as the result of the unlawful combination and resulted in restraint of trade. Whether the price was reasonable, low or high is immaterial (People v. Milk Exch., 145 N. Y. 267; People v. Sheldon, 139 N. Y. 251; United States v. Sealy, Inc., 388 U. S. 350, 357; United States v. Trenton Potteries, 273 U. S. 392, 396-398; United States v. Socony-Vacuum Oil Co., 310 U. S. 150, 212-213; Northern Pacific Ry. Co. v. United States, 356 U. S. 1, 5). Nor do the motives, intent or good faith of the parties to the combination which results in unlawful restraint of trade save it from the condemnation of the statute (Kellogg v. Sowerby, 190 N. Y. 370, 375; People v. Sheldon, supra; People v. Morrison, 98 Misc. 555, 557). For the reasons above indicated, this contention of the defendants is rejected.
The defendants contend that as to Counts 2 to 8 inclusive, the People have failed to allege facts constituting the crimes of conspiracy to commit a felony, to wit, extortion; attempted extortion and extortion, because the counts fail to allege the obtaining of the kind of property which may be the subject of extortion under section 850 of the Penal Law. This claim is based upon the defendants’ contention that the only kind of property which may be the subject of an extortion or attempted extortion is tangible property. The court does not agree with this contention and finds that property has a much broader meaning than that contended for by the defendants and that intangible property may be the subject of extortion. A milk route which has a pecuniary value is property and may be the subject of an extortion in the court’s opinion (People ex rel. Short v. Warden of City Prison, 145 App. Div. 861, affd. 206 N. Y. 632; People v. Barondess, 133 N. Y. 649, revg. on dissenting opn. below 61 Hun 571, 589; Clements, Criminal Law and Procedure, p. 545).
The defendants also assert as to Counts 2 to 28 that the threats alleged in the indictment are not the kind specified in *769 sections 850, 851 and 530 of the Penal Law and that the course of conduct alleged is not within the fair intendment of those sections. The court likewise finds this contention by the defendants to be unfounded. The counts charge that defendants threatened to do an unlawful injury to property. This is substantially the language of the statutes. It is the District Attorney’s contention that the threats employed were threats to small milk dealers that their supply of milk would be cut off, that they would have work stoppages and they would be put out of business. Threats of .this type are sufficient to support a charge of extortion and also coercion (People v. Dioguardi, 8 N Y 2d. 260, 268; People v. Weinseimer, 117 App. Div. 603, 608, 613, 615, affd. 190 N. Y. 537; People v. Barondess, supra; People v. Hughes, 137 N. Y. 29, 37, 39).
The defendants contend that the facts alleged in Counts 2 to 28 do not constitute the crimes charged. Each of .these counts follows the language of the respective statute defining the crime charged and hence is sufficient. (People v. Finkelstein, 9 N Y 2d 342, supra; People v. Farson, 244 N. Y. 413, supra; Phelps v. People, 72 N. Y. 334, supra.) The defendants further claim that “ the subject matter of such Counts is solely cognizable under Sections 340 and 341 of the General Business Law”. In other words, the defendants claim that all these counts charging conspiracy as a felony, attempted extortion, extortion, conspiracy as a misdemeanor, and coercion, are merged into and must be treated as a part of Count 1, which charges a violation of sections 340 and 341 of the General Business Law, a misdemeanor. The defendants cite no legal authority for this proposition. They apparently claim that, since the acts which form the bases for the charges contained in these 27 counts were allegedly committed pursuant to the alleged unlawful combination charged in Count 1, they can only be charged with a violation of Count 1. Where the same facts may constitute more than one crime, the People may properly charge all the crimes in separate counts in one indictment. This is an everyday occurrence in the prosecution of crimes in New York (Code Crim. Pro., § 279). The particular combination of charges contained in this indictment has in the past been employed without criticism (People v. De Grandis, 12 N Y 2d 812). The court finds no merit in the contentions advanced by the defendants.
The defendants claim that the acts with which they are charged in this indictment are pre-empted from State jurisdiction by virtue of the National Labor Relations Act and that hence the Grand Jury had no authority to inquire into the crimes *770 charged. It must be remembered that the defendants are charged with crimes including threats of injury to property. This is not a civil action seeking a civil remedy. This is a prosecution by the People, under the police power of the State, seeking to enforce its criminal laws. There is no labor dispute involved in this indictment. Nor is there any indication of any labor dispute between the defendants. The indictment in effect alleges that the defendants entered into a corrupt agreement to violate the criminal laws of this state and that pursuant to that agreement the defendants engaged in crimes in violation of ¡sections 340 and 341 of the General Business Law, of conspiracy to commit a felony, to wit, extortion, conspiracy as a misdemeanor, to wit, coercion, extortion and coercion. The National Labor Relations Act has not taken from the States the right to enforce their criminal laws (State of New York v. Milk Handlers & Processors Assn., 52 Misc 2d 658, 662, affd. 28 A D 2d 971; United Workers v. Laburnum Corp., 347 U. S. 656, 665, 666, 669 ; Automobile Workers v. Wisconsin Bd., 336 U. S. 245, 252, 253; Allen-Bradley Local v. Board, 315 U. S. 740, 748, 749, 750; San Diego Unions v. Garmon, 359 U. S. 236, 247, 248). This contention of the defendants has no merit.
The defendants in Indictment No. 4448/67 demur to each count in the indictment on the ground that certain individual union defendants are charged as officers of labor unions, with acts involving negotiations for and implementation of collective bargaining agreements entered into with the other defendants, and that such acts are exempt by virtue of subdivision 3 of section 340 of the General Business Law. The defendants Dairymen’s League Co-operative Association Inc., Hallenbach, Whitehead and Copen further demur on the ground that .they are exempt from prosecution by virtue of subdivision 3 of section 340 of ■the- General Business Law, section 582 of the Penal Law, and subdivision (f) of section 258-c of the Agriculture and Markets Law. The defendants in Indictment No. 4484/67 likewise demur to all the counts on .the grounds that they are charged with acts involving negotiations for and the implementation of collective bargaining agreements made between them, their principals and certain bona fide union locals, and hence are exempt, by virtue of subdivisions 3 and 4 of section 340 of the General Business Law from the proscriptions of sections 340 and 341 of that law.
Subdivision (f) of section 258-c of the Agriculture ¡and Markets Law has no application herein.
*771 Subdivision 3 of section 340 of the General Business Law in effect provides that the provisions of article 22 entitled Monopolies “ shall not apply to cooperative associations, corporate or otherwise, of farmers, gardeners, or dairymen * * * nor to contracts, agreements or arrangements made by such associations, nor to bona fide labor unions.”
Section 582 of the Penal Law provides that the orderly and peaceable assembling or co-operation of persons in any calling, trade or handicraft, “for the purpose of obtaining an advance in the rate of wages or compensation, or of maintaining such rate, is not a conspiracy.” This of course applies to labor unions and their officers and members. The statute also provides : “ Associations, corporate or otherwise, of farmers, gardeners or dairymen, including livestock farmers and. fruit growers, engaged in making collective sales or marketing for its members or shareholders of farm, orchard or dairy products produced by its members or shareholders are not conspiracies. Contracts, agreements, arrangements or combinations heretofore or hereafter made by such associations or the members, officers or directors thereof in making such collective .sales and marketing and prescribing the terms and conditions thereof are not conspiracies and they shall not be construed to be injurious to trade or commerce.” (Italics supplied.)
The Legislature, in passing subdivision 3 of Section 340 of the General Business Law and section 582 of the Penal Law, did not intend to exempt labor unions and co-operatives and their officers and employees from all the consequences of their acts, no matter what their nature might be. It is certainly obvious that the Legislature never intended to give labor unions, co-operatives or their officers or employees, or third persons with whom they had combined, license to combine to commit extortion or coercion.
These exemptions provided in these statutes were limited in scope. They were intended to protect unions and co-operatives and their officers and employees from the claim that by their very formation they were violating section 340 of the General Business Law. They exempted co-operatives from the claim that they were unlawfully combining in violation of law so long only as they confined their activities to making collective sales or marketing for their members or shareholders, of the products produced by their members, and in the making of necessary contracts, arrangements and agreements concerning those matters. In like manner, as to labor unions and their officers and employees, the exemptions set up in the statutes permit, with *772 impunity, labor unions to be formed, and to act on behalf of their members with respect to wages or compensation, hours of labor, conditions of employment, health and safety of their members and matters of like nature. In the court’s opinion, if the defendants committed the acts charged against them in these indictments they are not exempt from criminal prosecution by virtue of either subdivision 3 of section 340 of the General Business Law, section 582 of the Penal Law, or ¡subdivision (f) of section 258-c of the Agriculture and Markets Law (State of New York v. Milk Handlers & Processors Assn., 52 Misc 2d 658, 663, affd. 28 A D 2d 971, supra; Allen Bradley Co. v. Union, 325 U. S. 797, 801, 805, 808, 809, 810, 811, 816, 819, 820; Milk Producers Assn. v. United States, 362 U. S. 458, 462, 463; United States v. Borden Co., 308 U. S. 188, 204, 205). These contentions of the defendants are in all respects denied.
There was another contention raised on the oral arguments, although not asserted in the demurrers -themselves, which the court agreed to consider. The defendants contend that by section 347 of the General Business Law, the District Attorney’s office is required to notify the Attorney-General of its intention to commence a criminal proceeding under section 340 of the General Business Law. The defendants claim that the indictments do not plead' compliance with section 347, that compliance is a condition precedent to commencing such a prosecution, and hence the indictments should be dismissed.
Section 347 of the General Business Law was enacted, in the court’s opinion, not for the benefit of defendants charged with a crime under section 340 of the General Business Law but for the purpose of obtaining co-operation and uniformity of ¡action between the Attorney-General and the District Attorneys in the various counties of the State, in connection with criminal matters. The defendants rely on Matter of Aimcee Wholesale Corp. (21 N Y 2d 621, 625, 626) for their legal position. The holding in that case applies specifically to civil proceedings (General Business Law, § 340, subd. 5) where different factors are involved, and is not inconsistent with the court’s ruling in the instant demurrers. The giving of such notice is not a condition precedent to commencement of a criminal proceeding by the District Attorney, nor need compliance therewith be pleaded. The contention is in all respects rejected.
For the reasons above indicated, the demurrers to Indictments Nos. 4448 of 1967 and 4484 of 1967 are in all respects denied.