THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEO T. FARLEY, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN E. FARLEY, Appellant.— Defendants have appealed from judgments of convictions of the Chemung County Court, for manslaughter in the second degree. There is evidence from which the jury might have found that on June 15, 1935, each of the defendants was driving a Chevrolet automobile on South Main street in Elmira, N. Y. and that at the intersection of West Henry street and South Main street these two automobiles crashed into a third. The automobile driven by the defendant Leo Farley then crashed into a tree which resulted in the death of his wife. There is evidence in the record upon which the jury might have found that both cars were traveling at a rate of speed of from forty to sixty-five miles per hour at the time of the collision. The indictments in identical language charge the defendants as follows: " the grand jury of the county of Chemung by this indictment accuse [naming each defendant] of the following crime: Manslaughter in second degree, contrary to the Penal Law of the State of New York,

Section 1052." The defendants demurred to the indictments and asked and were granted bills of particulars setting forth the particulars of the crimes. Their demurrers to the indictments were overruled. There was no error in this ruling. (*People* v. *Bogdanoff*, 254 N. Y. 16.) Defendants also contend that the verdicts are contrary to the weight of the evidence. The proof is ample to justify the finding of the jury as to culpable negligence by each defendant. One of the defendants shortly after the commission of the crime made a statement to the police officer. It is now contended that the reception of this statement in evidence was error. The statement of defendant was entirely competent. Defendants also contend that a new trial should be had by reason of the misconduct of the jury. At the request of the defendants the court ordered the jury to view the scene of the accident. This was done in the presence of the defendants' attorney, the district attorney and the county judge. The court failed to swear the officers in charge of the jury in accordance with section 412 of the Code of Criminal Procedure. No one called the attention of the court to this omission nor was any objection made thereto until five days after the rendition of the jury's verdict. The omission of the trial court to cause the officers in charge of the jury while taking a view of the premises to take the oath prescribed by section 412 of the Code of Criminal Procedure was simply an irregularity. (*People* v. *Johnson*, 110 N. Y. 134.) No errors were committed on the trial which affected the substantial rights of the defendants. Judgment of conviction in each case unanimously affirmed, pursuant to the provisions of section 542 of the Code of Criminal Procedure. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.