GEORGE H. BRICK and EDGAR BALLERSTEIN, Doing Business under the Firm Name and Style of BRICK & BALLERSTEIN, Appellants, v. COHN-HALL-MARX Co., Respondent.

First Department, June 16, 1939.

 

*Norman Winer* of counsel [*Bondy & Schloss,* attorneys], for the appellants.

*Milton C. Weisman* of counsel [*Melvin A. Albert* with him on the brief; *Weisman, Celler, Quinn, Allan & Spett,* attorneys], for the respondent.

Dore, J. This is not a case, as plaintiffs contend, where the plaintiff has in the first instance selected a non-existent remedy, the pursuit of which has necessarily proved futile, nor do plaintiffs come within the cases relied on which hold in such state of facts that the plaintiff will not be left remediless nor denied a subsequent assertion of a legal remedy the plaintiff really possesses. (See *Henry* v. *Herrington,* 193 N. Y. 218.) We are here concerned, not with the election of remedies or with change in the remedy sought to be relied on, but with a change in allegations of *fact* necessary to avoid the loss of the remedy by the running of the Statute of Limitations. The remedy in both actions is the same, viz., a suit for damages for alleged breach of contract. In the prior action plaintiffs asserted the remedy was lost through defendant's fraud in inducing plaintiffs to let the six-year statute run and plaintiffs sought to recover the amount lost because of the breaches of contract, relying on the defendant's fraudulent statements and concealment to prevent the application of the statute. Plaintiffs are in error in asserting that this was an erroneous conclusion of law on their part or an error of law made in interpreting the nature of the contracts. It had nothing whatever to do with the construction or interpretation of the contracts but was an affirmative assertion of a fact by plaintiffs, a fact which concerned not the interpretation but the execution of the contracts, namely, whether they were executed as simple or as sealed instruments. In the prior action plaintiffs did something more than omit allegations which, if made, might have avoided the statute. They affirmatively alleged facts indicating the action was barred by the six-year statute. They now seek to allege new facts wholly contradictory to their prior allegations.

The judgment of a court of competent jurisdiction directly upon the point or matter in issue is as a plea, a bar, and as evidence conclusive between the same parties upon the same matter directly in question in another action. (See *Stowell* v. *Chamberlain,* 60 N. Y. 272, 276.) As the Court of Appeals pointed out in the prior action

(*Brick* v. *Cohn-Hall-Marx Co.*, 276 N. Y. 259), the allegation of fraud therein was in no sense essential to the cause of action as it was not founded on fraud but on breach of contract. The allegation of the fraud was only necessary as the fit answer to a possible defense of the Statute of Limitations. In the present complaint the allegations concerning the alleged adoption of plaintiffs' seal by defendant are equally unnecessary to the essence of the cause of action that is attempted to be stated, namely, an action for damages for breach of contract, but only to avoid the foreseen defense of the Statute of Limitations. The causes of action are the same.

This case is clearly distinguishable from cases relied on by plaintiffs holding that where the plaintiffs made an error as to the form of their pleading a judgment of dismissal on demurrer of the prior action is not a bar to a subsequent action where that error of form is corrected. (See *Richard* v. *American Union Bank*, 253 N. Y. 166.)

The present action was started in 1938, fourteen or fifteen years after the contracts sued upon were made and after the alleged breaches, beginning in 1924, occurred. After litigating all the way to the Court of Appeals the issue of the six-year Statute of Limitations as a bar and representing and insisting before the courts that plaintiffs' cause of action was barred by reason of the Statute of Limitations through the defendant's fraud, plaintiffs for the first time in 1938 assert as a fact that all they previously said about the execution of the contract was not so, that the contracts were in fact sealed instruments, and that, therefore, the twenty-year statute applies.

In the prior action (*Brick* v. *Cohn-Hall-Marx Co.*, *supra*) the Court of Appeals said: "Whatever we may call this action it is, so far as the Statute of Limitations is concerned, an action upon the contract and within the six-year statute."

Plaintiffs are barred by the prior judgment because the same matter or point previously litigated, viz., whether plaintiffs' cause of action was within the Statute of Limitations, has already been decided adversely to them. We think the Special Term correctly concluded that plaintiffs may not again vex defendant on that same issue.

All the grounds which support the wisdom of the Statute of Limitations for outlawing stale claims are clearly applicable to the belated contention plaintiffs now make in irreconcilable contradiction of the affirmations of fact which they made in the first action.

The order and judgment should be affirmed, with costs.

MARTIN, P. J., O'MALLEY, TOWNLEY and CALLAHAN, JJ., concur.

Order and judgment unanimously affirmed, with costs.