Chandleb S. Knight, J.
The Grand Jury handed down an indictment containing 23 counts including forgery, altering a forged instrument, procuring a forged instrument to be recorded, obtaining the signature of a person to a written instrument by false pretense and conspiracy.
The accusation of conspiracy is the 23d count in the indictment and is therein stated as follows:
“And the Grand Jury of the County of Montgomery, aforesaid, by this indictment accuse the defendants, Emmet B. Thompson, Michael Potoczny, Mastreo Bello and Max E. Schneible, Jr. of the crime of Conspiracy in violation of Section 580, Subdivision 1 of the Penal Law of the State of New York, all of said defendants being actually present and each aiding, assisting and abetting the other.
“The acts and transactions making up the crime alleged in each of the aforesaid counts are connected together and constitute parts of a common scheme and plan, and in each of the said counts all of the said defendants aided, assisted and abetted the other. ’ ’
The simplified form of indictment is used (Code Crim. Pro., p. 4, tit. 5).
It has been held that “ An information charging a violation of section 580 of the Penal Law (conspiracy) by mere reference to that section is sufficient,” (People v. Scobie, 257 App. Div. 254, affd. 281 N. Y. 796).
The defendants moved for a dismissal of the 23d count upon the ground that it failed to allege an overt act in furtherance of the alleged conspiracy.
Section 583 of the Penal Law provides that no agreement to commit a felony amounts to a conspiracy, unless some act besides such agreement be done to effect the object of the conspiracy.
The test in determining the sufficiency of indictments was stated by Judge Pound in People v. Farson (244 N. Y. 413, 417), wherein he said: “The indictment is sufficient if it identifies the charge against the defendant so that his conviction or acquittal may prevent a subsequent charge for the same offense; notifies him of the nature and character of the crime charged *909 against Mm to the end that he may prepare his defense; and enables the court upon conviction to pronounce judgment according to the right of the case. ’ ’
Does the 23d count in this indictment meet that test ? I think it does. The indictment clearly accuses the defendants of conspiring to commit crime — the 22 crimes alleged in the indictment. Is it alleged that some act, besides such agreement, was done to effect the object of the conspiracy? Tiie answer must be .in the affirmative. The second paragraph of the 23d count states that each of the defendants aided, assisted and abetted the others in committing the other 22 crimes alleged in the indictment.
As further identification of the overt act charged against the defendants, the District Attorney, upon a demand made by the defendants on or about June 13, 1958, has filed a bill of particulars of the 23 counts in the indictment, therein stating the dates on which the alleged overt acts of the defendants were committed. Photostats of the documents involved, including the date, book and page of their recording in the County Clerk’s office are attached to the bill of particulars.
The bill of particulars alleges that in counts 19, 20, 21 and 22 of the indictment the overt acts were committed by the defendants between June 13, 1956 and September 24, 1956, which i?, within two years of the filing of the indictment. The Grand Jury handed down this indictment at the May, 1958 Term of Supreme Court. The District Attorney in this case apparently followed the procedure approved by the Court of Appeals in People v. Bogdanoff (254 N. Y. 16).
An indictment is sufficient if it can he understood therefrom that the crime was committed some time prior to the indictment (Code Crim. Pro., § 284, subd. 5). The indictment and the bill of particulars must be read together (People v. Farley, 252 App. Div. 811, affd. 277 N. Y. 617). The precise time at which the crime was committed need not he stated unless time is a material ingredient of the crime (Code Crim. Pro., § 280).
There is no foundation for a claim by the defendants that they are unaware of the specific charge against them or that they might again be placed in jeopardy for the same ofíense. They have been apprised of all the essential elements of the crime of conspiracy for which they are held to answer and none has been deprived of a substantial right which would subject Mm to actual danger of trial upon a charge upon which he has not been indicted.
Motion denied. Submit order.