■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHANDLER SHAW, Appellant, against J. VERNEL JACKSON, as Warden of Clinton Prison, Respondent.— Appeal by relator from an order of the Supreme Court, Special Term, Clinton County which denied an application for a writ of habeas corpus. Relator contends that upon his trial in the Court of General Sessions of the County of New York, the officers in charge of the jury during its deliberation were not sworn as required by section 421 of the Code of Criminal Procedure. We need not determine whether or not such an omission, if proven, would constitute more than a mere irregularity under the circumstances (cf. People v. Beckwith, 108 N. Y. 67; People v. Johnson, 110 N. Y. 134; People v. Farley, 252 App. Div. 811, affd. 277 N. Y. 617), as it could not, in any event, be considered a jurisdictional defect giving rise to the remedy of habeas corpus. It is not disputed that the court had jurisdiction of relator's person and of the offense with which he was charged. Order unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.

■ In the Matter of the Claim of MARY McDANIEL, Respondent, against NIAGARA FRONTIER TRANSIT COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Decedent was employed as a bus driver. On December 8, 1955 while in the course of his employment he collapsed and died due to a coronary thrombosis. The Workmen's Compensation Board has sustained an award to claimant on the ground decedent's death was due to an accident. No substantial evidence of accidental causation associated with the work has been demonstrated. It is undisputed that the bus broke down due to difficulty with its transmission. Decedent stopped it fairly close to the curb and issued transfers to his passengers. The operator of the next bus testified he took on about 25 or 30 passengers transferred from decedent's bus. The number was well below the seating capacity of decedent's bus. The second bus driver saw but did not speak to decedent at this time. Decedent collapsed while walking on a nearby gas station lot, apparently trying to find a telephone. There is no proof of any physicial exertion by decedent in connection with any of these events; nor is there proof of emotional strain. The practice followed by the employer was that when a bus broke down a repair man is called and passengers are transferred to the next bus. In this case the next bus arrived within a short time and took on decedent's passengers. There is no proof in the record to sustain the board's memorandum that the decedent's passengers were "mostly school children who were usually a little hard to handle"; nor was there anything about the weather or the condition of the street to suggest a cause for unusual physical or emotional strain. The finding of accidental causation is without support in this record. Award reversed and claim dismissed, with costs to appellants against the Workmen's Compensation Board. Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ., concur.