(July 6, 1978)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL CUNNINGHAM, Appellant.—Appeal from a judgment of the County Court of Madison County, rendered March 4, 1976, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the second degree and two counts of the crime of criminal sale of a controlled substance in the third degree. Of the many grounds for reversal urged, only those concerning corroboration of accomplice testimony and the adequacy of the indictment warrant discussion. The chief evidence against the defendant was the testimony of Robert MacRae, an accomplice to whom the defendant is accused of having sold hallucinogenic substances. To corroborate MacRae's testimony the People were obliged to present evidence "tending to connect the defendant with the commission [of the crimes charged]" (CPL 60.22). Corroborative evidence of an accomplice's testimony is sufficient "if it tends to connect the defendant with the commission of the crime in such a way as may reasonably satisfy the jury that the accomplice is telling the truth" (People v Wheatman, 31 NY2d 12, 20, cert den sub nom. Marcus v New York, 409 US 1027). MacRae testified that the defendant obtained his supply of drugs from California and that in the beginning of September an agreement was reached whereby the defendant would go to his source in California and MacRae would wire him money from Syracuse. Part of the money would be payment for drugs previously delivered by the defendant and part as a down payment for the new shipment that the defendant was going to California to acquire. According to MacRae he wired the money ($200) to the defendant in Berkeley, California, from the Syracuse Western Union office on September 10, 1974, and a package containing drugs was received by MacRae in the mail on September 12. On September 27 MacRae and others were arrested after having sold a large amount of drugs to an undercover police officer. MacRae testified the drugs were the same received in the post from California two weeks earlier. The corroborating evidence consists of proof that MacRae in fact wired the money to the defendant in Berkeley, California. The People put in evidence a copy of the money order sent by MacRae on September 10 and a copy of the receipt signed by the defendant on the same day at the Western Union office in Berkeley. The corroborating evidence here does not, in itself, indicate any criminal activity. However, it does independently establish that the defendant was either a close friend or business associate of MacRae. In light of the fact that MacRae was apprehended two weeks after the wiring of the money with a large amount of illegal drugs, the independent proof that the wiring occurred constitutes a rational basis for the jury to believe MacRae's testimony inculpating the defendant. "Matters in themselves of seeming indifference or light trifles of the time and place of persons meeting may so harmonize with the accomplice's narrative as to have a tendency to furnish the necessary connection between defendant and the crime" (People v Dixon, 231 NY 111, 116-117). As to the adequacy of the indictment, the defendant argues a failure to comply with CPL 200.50 (subd 6) which requires the indictment to state "in each count that the offense charged therein was committed on, or on or about, a designated date, or during a designated period of time". The indictment and bill of particulars herein stated that the three counts of illegal drug sale occurred "on or about and between the 1st day of September, 1974, and the 25th day of September, 1974". The proof

at trial indicated that the defendant delivered the drug shipment which was the basis of the third degree sale count during the last week of August, 1974. It thus appears that at least some of the elements of the crime occurred outside the time period indicated in the charges. However, the defendant has not shown he was prejudiced by this technical defect, and therefore it is not a basis for reversal (cf. CPL 210.25; *People v Thompson,* 12 Misc 2d 907). Judgment affirmed. Mahoney, P. J., Greenblott, Kane and Main, JJ., concur; Mikoll, J., dissents and votes to reverse in the following memorandum. Mikoll, J. (dissenting). I respectfully dissent. The majority indicates that the evidence offered to corroborate the accomplice's implication of the defendant in the crimes of sale of controlled substances does not indicate any criminal activity but provides a rational basis for the jury to believe the accomplice's testimony. Purported corroborative testimony is insufficient if it merely tends to establish the credibility of the accomplice since the statute (CPL 60.22, subd 1) does not permit a conviction solely on the testimony of the accomplice just because his testimony appears credible. Corroborative evidence, to be of legal effect, must come from an independent showing of some material fact tending to connect the defendant with the crime. Otherwise, the corroborative evidence is insufficient *(People v Reddy,* 261 NY 479; *People v O'Farrell,* 175 NY 323; *People v Horton,* 59 AD2d 828; *People v Wasserman,* 46 AD2d 915). There is not one material particular of the accomplice's story which is corroborated by the other evidence. The telegraphing of $200 to the defendant in California; receipt by defendant, and the arrival of a package from Berkeley at the accomplice's mother's home tend to connect the defendant with the crime only if the inferences drawn therefrom take their weight and probative value from the accomplice's testimony. They tend to support MacRae's credibility but fail to connect the defendant with the commission of the crime. I note, also, that MacRae's credibility is not supported by this evidence because of his contradictory testimony at trial as to payment for the drugs at another time. This is at variance with his allegation of the purpose of the $200 sent to the defendant. The case should have been dismissed, as a matter of law, at the end of the People's case.