# COURT OF APPEALS,
## April 25, 1916.

## THE PEOPLE v. GIBSON.

### (218 N. Y. 70.)

(1.) TRIAL—EVIDENCE—DEMAND THAT INCRIMINATING DOCUMENT BE PRO-
DUCED BY DEFENDANT.

To allow a demand for the production of a document to be made upon an accused person in the presence of the jury is to require him to produce it or deny his possession thereof, or by reason of his silence to warrant injurious inferences against him. For this reason the practice is properly forbidden.

Where an incriminating document appears *prima facie* to be in the possession of the accused the prosecution may give secondary evidence of its contents without previous notice calling upon the defendant to produce the original; and this rule is not restricted to papers which are the immediate subject of the indictment. (McKnight v. United States, 115 Fed. Rep. 972, approved; Holt v. United States, 218 U. S. 245, distinguished.)

(2.) SAME—WHEN SUCH PRACTICE PROPERLY FORBIDDEN.

This rule is, however, not available to the defendant in the case at bar because the trial judge directed the jury to disregard such a demand which had been made in its presence. This was equivalent to an instruction that the non-production of the paper demanded furnished no ground for an inference of guilt. People v. Gibson.

(169 App. Div. 934, Affirmed.)

APEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 18, 1915, which affirmed a judgment of the Court of General Sessions of the Peace in the county of New York rendered upon a verdict convicting the defendant of the crime of grand larceny in the first degree.

The facts, so far as material, are stated in the opinion.

*Burton W. Gibson* and *Charles Goldzier* for appellant.

The indictment does not state facts constituting a crime, and hence defendant's motion for a dismissal or in arrest of judgment should have been granted. (Tompkins v. Fonda G. L. Co., 188 N. Y. 261; People v. Fish, Sheldon, 537; People v. Hall, 19 Cal. 425; McGary v. People, 45 N. Y. 153; People v. Mead, 200 N. Y. 15; Piersley v. Rogers, 44 App. Div. 139.) The order purporting to revoke defendant's letters testamentary and the *ex parte* papers on which it was granted were inadmissible and prejudicial, and the statements and ruling of the court on the admission were erroneous and prejudicial. (People v. Wolf, 183 N. Y. 464.) The call by the district attorney upon the defendant in the presence of the jury to produce a self-incriminating document claimed to have been served upon him, the rulings of the court and the proceedings had thereon were a glaring infringement upon defendant's constitutional protection against self-incrimination. (3 Rice on Ev. 45; McKnight v. United States, 115 Fed. Rep. 972.)

*Edward Swann, District Attorney* (*Robert C. Taylor* of counsel), for respondent.

The indictment was sufficient. (People v. Herman, 45 Hun, 175; People v. Geyer, 196 N. Y. 364; People v. Mead, 125 App. Div. 7; People v. Cummins, 209 N. Y. 283; People v. Dorthy, 20 App. Div. 308; 156 N. Y. 237; People v. Willis, 158 N. Y. 392; People v. Tower, 135 N. Y. 457; People v. Albow, 140 N. Y. 130; People v. Wiechers, 179 N. Y. 459; People v. Grutz, 212 N. Y. 72.) There was no error in the prosecuting attorney calling for the production of a paper in defendant's possession after having served a notice to produce. (People v. Dolan, 186 N. Y. 4; Wigmore on Ev.

§ 2273; People v. Courtney, 94 N. Y. 490; People v. Gardner, 144 N. Y. 119; People v. Van Wormer, 175 N. Y. 188; Holt v. United States, 218 U. S. 245.)

WILLARD BARTLETT, Ch. J.:

The indictment is good. It charges that the defendant, acting as executor of the last will and testament of Ruzena Menschik Szabo, deceased, and having in his possession certain moneys belonging to her estate, feloniously withheld the same, and appropriated the same to his own use. (Penal Law, § 1290, subd. 2.) This is sufficient.

Some errors in the admission of evidence were committed upon the trial, but as they were technical, and did not affect the substantial rights of the defendant, they must be disregarded. (Code Crim. Pro. § 542.) The papers upon which the Surrogate's Court made the order revoking the defendant's letters testamentary should not have been received over the objction of the defendant, but the ruling of the learned trial objection of the defendant, but the ruling of the learned trial defendant's consent rendered their admission harmless.

The only question which we deem it necessary to discuss relates to the demand by the district attorney upon the defendant that he should produce a document alleged to have been served upon him. This document was a paper signed by the administrator with the will annexed of the estate of Ruzena Menschik Szabo authorizing the bearer to make a demand upon the defendant for all the money and property belonging to the decedent which came into his hands while acting as her executor. When the administrator was on the stand as a witness for the People the assistant district attorney who tried the case called for the production of this paper " under a notice to produce which was served upon counsel for the defendant on the 16th of March, 1914," and asked counsel for the defendant whether he had that paper. The defendant's counsel objected to the

question and protested against it, and when asked why, responded: "Because counsel has absolutely no right to address that question either to me or to the defendant; that he is attempting to transgress, and has transgressed, the constitutional rights of the defendant, and I ask in the light of that, that a juror be withdrawn. I protest against the question and I protest further against even its repetition." The court overruled the protest of counsel and said that if he denied the receipt of the notice to produce then the district attorney would have to prove service of it. Counsel for the defendant responded: "I neither deny nor affirm it and I deny the right either of counsel or court even to question in respect to it, and say that it is an infringement of the constitutional rights of this defendant, and upon that ground I protest and object." The assistant district attorney then said that he had the notice to produce with proof of service; whereupon counsel for defendant again objected as follows: "I object to that statement of the district attorney. I ask the court to direct the jury absolutely to disregard it. Will your Honor direct the jury to disregard it?" The court then remarked that the jury had nothing to do with this matter, saying to them: "Gentlemen of the jury, this has nothing to do with the merits of the case at all and you will disregard it."

In view of this direction by the learned trial judge and in view of the fact that there was uncontradicted proof of the service on the defendant of the demand for any property of the estate still in his possession, we think there was no error in this matter which requires a reversal of the judgment. Assuming that the demand upon the defendant for the production of the paper was improper, the only manner in which the court could deal with the impropriety without ending the trial was to instruct the jury to pay no attention to the demand; and this was done. In other words, the error was cured in this particular instance. The practice, however, of calling upon

defendants in criminal cases to produce incriminating papers alleged to be in their possession is so frequently adopted by zealous prosecutors and is so objectionable that we take this occasion to express our disapproval thereof.

In McKnight v. United States (115 Fed. Rep. 972) the defendant was indicted for embezzling the funds of a national bank by causing the bank's money to be paid to persons known by him to be insolvent to be used for purposes of bribery. The government proposed to introduce in evidence a copy of a certain paper whereby the defendant and other aldermen of the city of Louisville agreed to caucus together in order to control legislation and municipal appointments. In the course of the trial, after evidence had been introduced to show that the original paper was last seen in the defendant's possession, the district attorney offered in evidence what purported to be a copy thereof. The trial judge then suggested that if the district attorney chose he could demand the production of the paper, whereupon the district attorney proceeded to demand it. Counsel for the defendant denied the right of the district attorney to make the demand, and furthermore declared that there was no such paper in the defendant's possession. There was a conviction which was reviewed by the Circuit Court of Appeals for the Sixth Circuit consisting of Circuit Judges LURTON, DAY and SEVERENS; and the court in a carefully considered opinion by DAY, J., held that it was a violation of the immunity guaranteed by the Fifth Amendment to the Federal Constitution to permit the demand to be made upon a defendant in a criminal case in the presence of the jury to produce a paper containing incriminating evidence against him. This was one of the grounds upon which the judgment of conviction was reversed.

Referring to the leading case of Boyd v. United States (116 U. S. 616), in which it was held that the compulsory production of books and papers in a case seeking a forfeiture of estate was within the reasoning of criminal proceedings, Circuit Judge

DAY declared that this decision left no room for doubt that the compulsory production of a criminating document by the accused when on trial for crime was compelling him to testify against himself within the meaning of the Fifth Amendment to the Constitution. "Nor is it essential to the needs of justice," he added, "that the accused may be thus called upon to produce evidence of a documentary character. The authorities seem very clear that in such a case where a criminating document directly bearing upon the issue to be proven is in the possession of the accused the prosecution may be permitted to show the contents thereof without notice to the defendant to produce it. As it would be beyond the power of the court to require the accused to criminate himself by the production of the paper as evidence against himself, secondary evidence is admissible to show its contents."

To allow a demand for the production of a document to be made upon an accused person in the presence of the jury is to require him to produce it or deny his possession thereof, or by reason of his silence to warrant injurious inferences against him. For this reason the practice is properly forbidden. Where an incriminating document appears *prima facie* to be in the possession of the accused the prosecution may give secondary evidence of its contents without previous notice calling upon the defendant to produce the original; and this rule is not restricted to papers which are the immediate subject of the indictment. (See United States v. Doebler, Baldwin's Cir. Ct. Rep. 519.)

We are asked not to follow the decision in the McKnight case because Professor Wigmore in his elaborate work on the Law of Evidence has pronounced the ruling to be "purely fallacious and wholly unsound." (4 Wigmore on Evidence, § 2273, n.) The decision was rendered by a court two members of which subsequently became associate justices of the Supreme

Court of the United States. This court has frequently manifested the high respect which it entertains for the ability and learning of Professor Wigmore; but in the present case we are compelled to differ from him. We approve the rule laid down in McKnight v. United States (*supra*) because it seems to us the only effective method of preventing a practice which virtually deprives the defendant in a criminal case of a right guaranteed him by the Constitution. The rule which we thus approve is not available to the defendant in the case at bar because, as has already been pointed out, the learned trial judge directed the jury to disregard the demand which had been made in their presence. This was equivalent to an instruction that the non-production of the paper demanded furnished no ground for an inference of guilt. In the McKnight case, however, no such instruction was given.

In the brief for the People the case of Holt v. United States (218 U. S. 245, 252) is cited as expressive of views inconsistent with the decision in the McKnight case. We find no inconsistency. A question arose as to whether a blouse belonged to the prisoner and testimony was given to the effect that the prisoner put it on and it fitted him. It was objected that he did this under duress and was thus compelled to give evidence against himself; but the court held that " the prohibition of compelling a man in a criminal court to be a witness against himself is a prohibition of the use of physical or moral compulsion to extort communications from him, not an exclusion of his body as evidence when it may be material." It can hardly have been supposed that this language of Mr. Justice HOLMES was regarded as at variance with any of the views expressed in the McKnight case; inasmuch as the opinion was concurred in by Mr. Justice DAY and Mr. Justice LURTON, both of whom had then become members of the Supreme Court of the United States. It is because we deem the demand upon

a defendant to produce alleged incriminating evidence in his possession to be precisely such moral compulsion as Mr. Justice HOLMES mentions in the Holt case that we condemn the practice.

The judgment of conviction should be affirmed.

HISCOCK, COLLIN, CUDDEBACK, HOGAN and POUND, JJ., concur; SEABURY, J., concurs in result.

Judgment of conviction affirmed.