## STATE v. ALBERT CHAMBERLAIN.[1]

June 23, 1922.

No. 22,897.

**Conviction for seduction under promise of marriage sustained.**

1. In a prosecution for seduction under promise of marriage, the evidence is *held* to support the verdict of guilty, and that upon the essential elements of the crime complainant was sufficiently corroborated.

**Notice to accused to produce writing proper foundation for parol evidence of its contents.**

2. Where written evidence is shown to be in the possession of the accused, notice to produce the same on the trial may properly be given him as a foundation to the introduction of parol evidence of the contents thereof.

[1]Reported in 188 N. W. 1012.

**Not equivalent to compelling defendant to give evidence against himself.**

3. The accused is not thereby compelled to give evidence against himself.

**Inquiry of prosecuting attorney concerning writing, not misconduct.**

4. The prosecuting attorney was not guilty of misconduct in making inquiry of defendant's counsel in presence of the jury whether he had written documents in court, such inquiry not being accompanied with a demand to produce them for use on the trial.

**No error.**

5. The record presents no reversible error.

Defendant was indicted by the grand jury of Dakota county charged with the crime of seduction, tried in the district court for that county before Converse, J., and a jury and found guilty as charged in the indictment. From an order denying his motion to set aside the verdict and for a new trial, defendant appealed. Affirmed.

*P. H. O'Keefe* and *John J. O'Keefe*, for appellant.

*Clifford L. Hilton*, Attorney General, *James E. Markham*, Assistant Attorney General, and *Alfred E. Rietz*, County Attorney, for respondent.

BROWN, C. J.

Defendant was indicted and on trial convicted of the crime of seduction under promise of marriage, and appealed from an order denying a new trial.

The principal contentions in support of the appeal are: (1) That the evidence is insufficient to sustain the verdict, principally because of a lack of corroboration of the testimony of complainant; and (2) that the prosecuting attorney was guilty of misconduct on the trial prejudicial to the substantial rights of defendant. Both are resolved and answered adversely to defendant.

1. The facts present the usual situation found in like cases. Complainant directly and clearly testified to the necessary facts, the promise of marriage followed by seduction. Whether her evidence expressed the truth—it was expressly denied by defendant in all material respects—presented a question of fact for the jury. They

found in her favor and the learned trial court has approved that result. We find no basis for interference. There was ample corroborative evidence, in the birth of a child, the relations between the parties subsequent to the alleged promise, and other circumstances shown by the evidence. We need not discuss the evidence; it would serve no useful purpose to spread the facts upon the record and we refrain. It is sufficient to say that the record has been read with care with the result stated. There the matter may well rest.

2. The question of the alleged misconduct on the part of the prosecuting attorney does not require extended mention. It appears that when complainant became fully conscious of the trouble her relations with defendant had brought on she immediately wrote him several letters requesting him to come to her relief. The prosecution believed the letters to contain material corroborative evidence, and served notice upon defendant to produce them for use on the trial. The notice to produce the letters on the trial was properly given by the prosecuting attorney. Defendant, however, could not be compelled to comply with the notice. It was optional with him to do so or submit to parol evidence of their contents. And although there is respectable authority to the proposition urged by defendant that a peremptory demand of the accused, in the presence of the jury, that he produce specified written documents in his possession claimed by the prosecution to contain evidence of his guilt, is an attempt to compel him to give evidence against himself, and therefore misconduct prejudicial to him, Gillespie v. State, 5 Okla. Cr. 546, 115 Pac. 620, 35 L. R. A. (N. S.) 1171, Ann. Cas. 1912D, 259; McKnight v. United States, 115 Fed. 972, 54 C. C. A. 358, we have been cited to no case holding the orderly proceeding here disclosed a violation of defendant's constitutional or other rights. Here the notice to produce was served before the trial, and when complainant was on the witness stand and the examination had reached the point where the letters became important, the question was put to her whether she had written to defendant after the discovery of her trouble, to which she answered in the affirmative. Whereupon the prosecuting attorney inquired of defendant's coun-

sel across the table whether he had the letters referred to in the notice to produce, to which the attorney replied that defendant was not furnishing evidence against himself. There the matter ended. No objection was taken to the inquiry so made by the prosecuting attorney, no suggestion made that the court correct any erroneous inferences possibly to be drawn from the very brief coloquy between the attorneys, and we have no difficuity in holding that defendant suffered no injury by the occurrence. Bain v. U. S. 252 U. S. 586, 40 Sup. Ct. 396, 64 L. ed. 729; People v. Gibson, 218 N. Y. 70, 112 N. E. 730, Ann. Cas. 1918B, 509.

This disposes of the case. An examination of the record discloses evidence sufficient to support the verdict in all essential respects, and no error appearing the order appealed from must be and is affirmed.