Nathan R. Sobel, J.
This is a motion by defendant Krugman for a separate trial. He was indicted for robbery and included crimes with two others, Snowden and Irick.
The sole reason advanced in the motion papers for a separate trial is that the People propose to offer in evidence at the joint trial “ inculpating ” (of the nondeclaring defendant Krugman) confessions by both Snowden and Irick which will “ prejudice ” the movant Krugman.
The courts have uniformly held that a motion for a separate trial is addressed principally to the discretion of the trial court. This is the statutory rule in New York. (Code Crim. Pro., § 391; Opper v. United States, 348 U. S. 84; Stilson v. United States, 250 U. S. 583, 585-586; People v. Doran, 246 N. Y. 409; People v. Fisher, 249 N. Y. 419; People v. Schwarz, 10 A D 2d 17; People v. Lombard, 4 AD 2d 666; cf. Ingram v. United States, 272 F. 2d 567.) To this the courts have added that appellate *49 courts ought not substitute their discretion for that of the Trial Judge. (People v. Doran, supra; People v. Schwarz, supra.) But more and more in recent years and for a variety of reasons, appellate courts examining the issues retrospectively have found an abuse of discretion in the denial of a motion for a separate trial; or even in the absence of such a motion have found prejudice to a defendant resulting per se from a joint trial. (People v. Caparelli, 21 A D 2d 882; People v. Schwarz, 10 A D 2d 17, supra; People v. Lowry, 8 A D 2d 956.) Predictably it will soon be necessary to re-examine old approaches to this problem of separate or joint trial (see, e.g., People v. Doran, 246 N. Y. 409, supra; People v. Marcus, 220 App. Div. 697, affd. 246 N. Y. 637; People v. Fisher, 249 N. Y. 419, supra; but cf., People v. Feolo, 282 N. Y. 276; People v. Rossi, 270 App. Div. 624; People v. La Ruffa, 2 A D 2d 765).
Of course a retrospective view by an appellate court may reveal injustice or impairment of substantial rights “ unseen at the beginning ” (People v. Fisher, 249 N. Y. 419, 427, supra) but often the possibility of injustice is obvious “ \_a\t the outset.” (People v. Caparelli, supra, p. 883). For that reason motions for separate trial whether made before trial or during trial (People v. Lowry, 8 A D 2d 956, 957, supra) now require closer scrutiny than heretofore and should not be denied summarily.
The sole reason which can be advanced for a joint trial is the economy and expedition of a single trial. Nothing else! Surely it is no good reason that the probability of conviction increases proportionately with the number of defendants charged.*
Against the sole advantage of economy and expedition, many reasons exist why a joint trial may result in undue prejudice to one or more defendants.
The one most frequently advanced in the one advanced in the instant motion — that the introduction in evidence of a confession of one defendant inculpating other defendants must necessarily prejudice the nondeclaring defendants. A court’s discretionary attitude toward such a contention may well depend on whether one considers the constitutional right to confronta *50 tion an essential element of a fair trial or merely another one of those constitutional “nuisances”. Experience in the trial of many criminal cases, in my opinion, compels the view that the right of confrontation as it applies to inculpating confessions is a practical necessity to avert actual and recurring dangers as well as a fundamental safeguard against injustice in general. From that viewpoint, the admission of inculpating confessions carries with it not alone the potential of prejudice but prejudice is a practical certainty which no amount of limiting instruction —no matter how frequently or forcefully charged — can remove from the minds of some jurors. This is a view held by many Judges. (See People v. Marshall, 306 N. Y. 223, 228; Blumenthal v. United States, 332 U. S. 539, 560; People v. Lombard, 4 A D 2d 666, 668 and footnotes noting opinions of Justices Frankfurter, Jackson and Learned Hand. )
Indeed some States (notably Connecticut, Illinois, Colorado and Ohio) have shifted the burden of proof by presuming prejudice in such circumstances while others (notably Minnesota and West Virginia) give the defendant by statute an absolute right to a separate trial. In those States which presume prejudice, the courts have held that the presumption may be overcome by a showing that excision or didaction of the inculpating portions of the confession is manageable, while noting at the same time that such means often serve to aggravate the prejudice. (See discussion in Ann. 54 ALR 2d 830 et seq.)
But inculpating confessions are not the only reason which may be advanced to justify separate trials. Many other reasons have been cited by appellate courts (looking, of course, at the problems retrospectively). Since not at issue in the instant motion these need only be briefly mentioned.
Antagonistic defenses may frequently compel separate trials if prejudice is to be avoided (cf. People v. Doran, 246 N. Y. 409, supra; People v. Snyder, 246 N. Y. 419, supra; see Ann. 54 ALR 2d 830, 858 et seq.). Most frequently this problem will arise when each defendant asserts his own innocence and accuses the other (see, e.g., People v. Rupert, 316 Ill. 38; Stallard v. State, 187 Tenn. 418; cf. People v. La Ruffa, 2 A D 2d 765). .
A problem collateral to the above arises when one defendant takes the stand and another does not. For example, in De Luna v. United States (308 F. 2d 140, rehearing den. 324 F. 2d 375), the court ruled that a comment by the testifying codefendant concerning the failure of his codefendant to take the stand violated the constitutional privilege of the nontestifying defendant and required reversal of his conviction. In dicta, the court *51 added that the testifying defendant also had a constitutional right to comment — thus “ In short, for each of the defendants to see the face of Justice they must be tried separately ” (p. 155; see, also, comment of Bell, J., p. 156).
A related problem occurs when a defendant desires to call his codefendant as a witness in his behalf. He may have a constitutional right to do so (People v. Caparelli, 21 A D 2d 882, supra) but the codefendant has a constitutional right to remain silent | even to the extent of not being compelled to claim his privilege I in the presence of the jury trying him (United States v. Housing Foundation, 176 F. 2d 665; State v. Medley, 178 N. C. 710; State v. Gambino, 221 La. 1039). In such a case separate trial seems essential.
Another practical problem, not one however foreseeable, arises when a codefendant desires to plead guilty during the joint trial. The appellate courts have not pin-pointed the procedure to be followed. If the plea is disclosed to the jury trying the remaining defendants it may be “ error of a highly prejudicial nature ” (People v. De Vita, 2 A D 2d 691). If the prosecution permits the trial to continue with the intention of accepting the lesser plea after the jury retires, the “ silence ” of that defendant during the remainder of the trial may prejudice the other defendants. (People v. Caparelli, supra.) In practical effect this procedural problem often creates built-in reversible error which can be avoided only by separate trials.
The foregoing discussion suggests a practical approach to determination of motions for separate trial.
1. The total evidence to be offered by the People should be examined. If an “inculpating” confession issue is raised in the motion papers, inquiry should be particularly directed toward the nature and weight of the “other” evidence, i.e., evidence apart from the inculpating confession which will be offered during trial against the nondeclaring defendant. If the “ other” evidence is “ weak ”, the motion should be granted. If ample to support conviction further inquiry should be made.
2. The confession should be examined to determine whether excision or didaction of the inculpating portion is manageable without resulting prejudice to the nondeclaring defendant. If the confession is oral, the witness thereto should be instructed prior to trial concerning elimination of the inculpating portion of his testimony.
3. Insofar as it is possible to do so prospectively, inquiry should be made concerning the possibility of antagonistic defenses or any other issues (discussed supra) which may arise *52 during trial which may mandate the granting of the motion during trial. If these exist it is preferable to grant the motion pretrial.
All of the foregoing considerations should be weighed in balance against the sole advantage of economy and expedition of a single trial. In this connection, it should be observed that a single trial is not much of an advantage if the denial of a separate trial creates a substantial issue requiring appellate consideration.
I have examined the inculpating confessions of codefendants Snowden and Irick. As is commonly the case each attributes to Krugman and the other defendant the greater complicity in the crime and minimizes his own participation. Neither excision nor didaction is for that reason manageable or practicable.
I have examined the 11 other ’ ’ evidence in the case against the movant Krugman. The crime was a brief mugging. Apart from the inculpating confessions there is nothing but identification testimony of the victim. Identification was “uncertain” at the time of arrest but as is often the case became “ positive ” before the Grand Jury for reasons which are understandable — confessions of two defendants inculpating the third.
It is also foreseeable that circumstances before or during trial will make it advantageous for the People to utilize the testimony of one or both confessing defendants against Krugman, in which case severance is mandatory.
On balance these considerations require separate trial. The motion is granted.

 This fact can, in my opinion, be established although I have no authority other than statistics in this court and observations of trial results in other courts. In small part this may be attributable to the inability of juries to heed limiting instructions concerning evidence admissible against one but not all defendants. But in my opinion there are more important factors involved than evidentiary rules, the most important being that juries are prone to give greater credibility to an accusation against several defendants than against one, just as they are more likely to accept, as accurate, identification of two defendants and reject identification of only one.