Domenick L. Gabrielli, J.
The defendants, O’Connell and Trammell, stand jointly accused of conspiracy, along with one John P. Hannon, under the first count of an indictment which, by a second count, accuses the defendant O’Connell alone of the crime of perjury, first degree, it being further set forth therein that the acts alleged in the respective counts are connected together. The details of this indictment have been summarized in an earlier opinion made and filed on a determination of the defendants’ demurrers thereto (see People v. Trammell, 50 Misc 2d 179) and no further exposition of its content is necessary to put these pretrial motions in perspective.
1. Defendant O’Connell’s present dual motion seeks an order directing (a) that the conspiracy and perjury counts be severed and that he be given separate trials on each (Code Crim. Pro., § 279) and (b) that he be tried separately and apart from the other defendants named in the conspiracy count (Code Crim. Pro., § 391).,
2. Defendant Trammell’s motion is for an order directing that he, too, be tried separately from the other defendants on the conspiracy count.
Insofar as defendant O’Connell’s present application seeks an order granting him a severance of and separate trials upon the conspiracy, as alleged in the first count, and upon the charge of perjury, as alleged in the second count, the motion is denied.
The entire thrust of his claim to that relief is that a single trial of both charges will prejudice him through the proffer of evidence “ relating to charges with which he is entirely unconnected ” (emphasis supplied). He urges that, on the face of the indictment, the conspiracy is alleged to have been hatched prior to the time he took office as Comptroller of the City of Buffalo and, even before he was elected to that office. He further urges, therefore, that if there is a trial of both counts, it will involve problems of the admissibility of evidence.
His anticipation that such a trial will involve complicated questions concerning the admissibility of evidence (with appropriate admonitions) may be accepted as correct in view of the averments of the indictment, but the problem of proof does not *299 entitle Mm to a severance of the counts and separate trials upon each count. Such a problem is one with which the court will concern itself and one to which it will, of course, address itself with appropriate instructions, whenever necessary.
The conspiracy and perjury counts have, obviously, been joined in this indictment pursuant to the authority of the controlling statute, as “ acts or transactions connected together ” although constituting different crimes (Codes Crim. Pro., § 279). The moving papers do not challenge the validity of the conclusion set forth in the allegation that the acts and transactions set forth in the indictment are connected together; and the basis for that assertion is perceptible from the other averments, from which it appears that the accusation of perjury is based on defendant O’Connell’s charged intentional false denial that he ever personally met with one of the individuals named in the first count as a co-conspirator, though not indicted. Although the perjury does not (as, of course, it need not) allege O’Connell’s motivation, it is a fair, if not imperative, inference from an examination of both counts that the perjury was committed to conceal his connection with the earlier conspiracy (see, e.g., People v. Gleason, 285 App. Div. 278, 280). Therefore, the allegations in the indictment clearly support the assertion that the crimes were connected together, within the meaning of section 279 of the Code of Criminal Procedure (People v. Jack, 10 A D 2d 336, 339-340, affd. 8 N Y 2d 857) and, for precisely that reason, the court is without power to grant the motion for severance. In such case the Legislature has seen fit to withhold any power to sever (People v. Jack, 10 A D 2d 340, supra; People v. McKensley, 36 Misc 2d 311; People v. Cox, 24 Misc 2d 998).
Directing our attention to the applications made by the defendants, O’Connell and Trammell, for separate trials, it appears from the moving papers that it is the expressed intent of O ’'Connell to call the codefendants as witnesses and to comment upon their failure to testify, in the event either or both refuse. If such a plan is to be carried out, it becomes obvious that one can reasonably anticipate that the defendant O’Connell will testify in his own behalf.
It also appears from the moving papers submitted by Trammell that he anticipates the necessity to call “ codefendants, John P. Hannon and George D. O’Connell ”, as witnesses in his case. As above reasoned, -it can also reasonably be anticipated that the defendant Trammell will likewise be presented as a witness in bis own behalf.
This deduction becomes important for the reason that determinations upon motions of this type must be viewed from the *300 probable course of events during the trial founded upon “ reasonable anticipation based on the facts then disclosed ” (People v. Snyder, 246 N. Y. 491, 497; People v. Welsh, 16 A D 2d 554); and upon the moving papers it can reasonably be anticipated that (1) these moving defendants will call their codefendants, (2) comment on a failure of a codefendant to testify, and (3) that they themselves will testify in their own behalf.
The def endant Hannon has made no claim that he will call the other defendants as witnesses in his case; nor has he made any application for a separate trial upon the same grounds as his codefendants; and obviously (and quite properly), there is no showing nor any indication as to his intention regarding his taking the stand. In the present posture of the matter, it would not be proper to indulge in any assumption of any kind.
In the absence of any similar application by Hannon, the procedure suggested by his codefendants would require a mistrial as to him, if all were jointly tried.
The motions made by the defendants, O’Connell and Trammell, for separate trials are granted in the discretion of the court (Code Crim. Pro., § 391), to the extent that the trials of defendants, George D. 0 ’Connell and Wilbur P. Trammell, will be separate and apart from that of the defendant, John P. Han-non; and that a determination as to whether the codefendants, O’Connell and Trammell, will later be tried jointly or separately will be the subject of separate applications following the trial of the defendant, Hannon.
The court’s discretion has been “ exercised in discerning the course prescribed by law” and has been disciplined by the judicial sense of duty to follow the course thus indicated (People v. Diaz, 10 A D 2d 80, 90, affd. 8 N Y 2d 1061).
To the extent hereinabove indicated, the duty to sever has become clear before the commencement of the trial (People v. Feolo, 282 N. Y. 276, 281). Although I assume that the jury will heed the court’s instructions concerning provisional reception and ultimate allocation of evidence of acts and declarations of alleged co-conspirators, there is grave danger that, in the event of a joint trial, the contemplated calling of codefendants may well bring inevitable and incurable prejudice.
Beyond question, a criminal defendant has the right to call the other defendants and have them sworn as witnesses, despite the constitutionally grounded objections of their counsel and notwithstanding the possibility — or even the probability— that, if sworn, they will invoke their constitutional immunity from self incrimination (People v. Wells, 272 N. Y. 215, 216-217; People v. Caparelli, 21 A D 2d 882; People v. Krugman, 44 Misc *301 2d 48, 51). Of course, they cannot be compelled to testify should they refuse to do so (Taylor v. State, 187 Md. 306; Isom v. State, 55 Okla. Cr. 173).
However, while a criminal defendant’s subjection to being called, sworn as a witness and obliged to claim his privilege may be justified when he is not himself on trial for the crime (State v. Gambino, 221 La. 1039), he is inevitably prejudiced when compelled to claim his immunity, in open court, in the presence of the jury empaneled to decide his innocence or guilt of a crime for which he himself is then on trial, for, in those circumstances, he is virtually divested of his constitutional protection by compulsion to choose between giving the evidence sought and risking the inference that the jurors might draw from his refusal to testify (People v. Gibson, 218 N. Y. 70, 73, 76). The refusal to testify is an eloquent incriminating act. (Philadelphia v. Cline, 158 Pa. Super. Ct. 179, cert. den. 328 U. S. 848.) Hence, in the words of a distinguished jurist, “ the codefendant has a constitutional right to remain silent even to the extent of not being compelled to claim his' privilege in the presence of the jury trying him ” (People v. Krugman, 44 Misc 2d 48, 51, supra).
"While I am aware of the view — to which the court adhered in the Gibson case (218 N. Y. 70, 73, 76, supra) —that the objection is unavailable to a defendant if the Trial Judge gives appropriate instructions to the jury, I am also conscious of the possibility that such instruction may be offset if, as forecast in the moving affidavit, defendant O’Connell’s counsel in his summation to the jury comments upon the eodefendants’ failure to testify, should that be the alternative that they choose.
Such comment by the court or prosecutor has been condemned repeatedly and sometimes sharply, and, although in some cases the error was thought to have been cured by appropriate instruction (Ruloff v. People, 45 N. Y. 213, 222; People v. Watson, 216 N. Y. 565, 568-571), there are others, more numerous, in which the instruction was considered to have been futile, either because the court diluted the strength of the statute (People v. Manning, 278 N. Y. 40, 44) or because the jury were left with the impression that something might be taken against the defendant because of his omission to testify (People v. Forte, 277 N. Y. 440, 441-443). The most telling factor in this case, if the events actually occur as predicted in the moving affidavit is, that the comment by counsel for O’Connell will inevitably not only be prejudicial to the codefendants, but will be irremediable.
*302 In short, as was pointed out in Be Luna v. United States (308 F. 2d 140, 154, 155) (and followed in United States v. Echeles, 352 F. 2d 892, 897), in order for the defendants to see the face of justice, there must be a separation of the trials.
My perception of and judicial sense of duty to follow the course that should be taken here are derived from a persuasion that the authorities, both State and Federal, point out — if indeed they do not mandate — the direction that a sound exercise of judicial “ discretion ” should take in disposing of these motions under the statute (Code Crim. Pro., § 391), for I am frank to say that I would feel constrained to grant a separation of trials (as herein indicated) on constitutional grounds, even if no statutory authority for such action existed.