410

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JAMES D. ST. JOHN, GARY L. CROUSE and DARYL CROUSE, Defendants.

County Court, Oneida County, December 27, 1966.

*Donald L. Austin, Public Defender,* for Gary L. Crouse, defendant. *Anthony J. Fernicola* for James D. St. John, defendant. *Louis T. Brindisi* for Daryl Crouse, defendant. *Arthur A. Darrigrand, District Attorney,* for plaintiff.

JOHN J. WALSH, J. The defendant, Gary L. Crouse, moves that the case of the defendant, St. John, be severed from his trial, and that St. John be given a separate trial, on the ground that it would be prejudicial to him to be tried jointly with St. John. He claims that certain admissions or statements made by St. John, if used on the trial, would confuse the jury and prejudice his right to a fair trial uninfluenced by extraneous matters not binding upon him.

Defendant St. John is represented by Mr. Anthony Fernicola as retained counsel. Mr. Fernicola was assigned by the Utica City Court during the preliminary examination on the instant charge to represent defendant Daryl Crouse. This was the result of the disqualification of Mr. Brindisi to appear in the Utica City Court by reason of the fact that his law partner, Hon. JOHN L. MURAD, was at the time an Associate City Judge of that court. After Mr. Fernicola's representation of Daryl Crouse at the examination in which he participated in the cross-examination of the People's witnesses, his duty as assigned counsel ceased.

After the indictment of the three codefendants and the statement by Mr. Austin that there might be a conflict of interest between the defendants, this court assigned Mr. Brindisi to represent the defendant Daryl Crouse.

The defendant Daryl Crouse moves this court for an order disqualifying Mr. Fernicola from acting as retained counsel for defendant St. John, upon the ground that a conflict of interest will arise by reason of the fact that Fernicola, having access to confidential matters during the time he represented Daryl

Crouse, would be in a position to prejudice Crouse during a joint trial.

In answer, defendant St. John asserts his right to retain counsel of his own choosing, and asks for a separate trial if there is any claim of prejudice by the other defendants.

The wisdom, if not the duty, of this court to grant a separate trial for defendant St. John seems clear after reading the very excellent opinion by Justice SOBEL in *People* v. *Krugman* (44 Misc 2d 48 [1964]).

"Against the sole advantage of economy and expedition, *many* reasons exist why a joint trial may result in undue prejudice to one or more defendants" (*People* v. *Krugman, supra*, p. 49.)

Judge SOBEL then cites several situations which would warrant severance: (a) confession of one defendant; (b) antagonistic defenses; (c) one defendant takes witness stand only; (d) a defendant desires to call a codefendant as a witness but such codefendant has a constitutional right to refuse to so testify; (e) a codefendant desires to plead guilty during a trial.

The issue of the so-called admission or statement is but one facet of the instant motion. *People* v. *La Belle* (18 N Y 2d 405) could be cited in support of this facet.

The People contend that this motion should not be decided until the admissibility of the admission or statement is ruled upon. This would be true if this were the only consideration.

The constitutional right of St. John to be represented by the attorney of his choice collides with Daryl Crouse's right to a fair and impartial trial. Granting the motion for a separate trial preserves both rights, guarantees to each a fair and impartial separate trial, and will remove any question of an abuse of discretion.

As Justice SOBEL wrote (p. 52): "All of the foregoing considerations should be weighed in balance against the sole advantage of economy and expedition of a single trial. In this connection, it should be observed that a single trial is not much of an advantage if the denial of a separate trial creates a substantial issue requiring appellate consideration." Motion for a separate trial for the defendant is granted.