Paul Kelly, J.
This is a motion for an order directing a separate trial of the defendant Robert A. Shuttleworth.
This indictment charges five defendants with the commission of perjury and other acts and contains some 49 counts. The indictment charges that each of the acts and transactions forms part of a common scheme and plan. There is no question but that the request by defendant is addressed to the court’s discretion (Code Grim. Pro., §§ 279, 391).
The defendant urges as a primary reason for making this request that he intends to call as witnesses one or more of his codefendants; that he has made inquiry of counsel for those defendants and has been informed that they are not inclined at this time to comply with this request. As counsel indicates, “ this did not surprise him ”, and urges this court to follow precedent and grant his application for separate trials. The court has reviewed the cases cited and does not agree with counsel that the interests of justice and judicial precedent require such a disposition. If such were the case, all that would be required in any instance when there is more than one defendant named in an indictment is for the one seeking a separate trial to indicate to the court that it is his intention to call a codefendant as a witness and thus be entitled to an order granting the severance. Such is not yet the status of the law.
Defendant cites People v. Caparelli (21 A D 2d 882) as authority requiring this court to grant the instant motion. In that *853 case several codefendants were jointly indicted and tried together. After the completion of the defendant’s case, counsel for one codefendant asked the attorney representing another codefendant whether or not he would permit his client, the codefendant, to testify on Gaparelli’s behalf. Counsel refused, the codefendant himself was never personally asked, and the trial court treated the refusal of codefendant’s counsel as dis-positive of the matter. The appellate court held this to be reversible error in that “ the accused has the right to have compulsory process for obtaining witnesses in his favor ’ ’. In Gaparelli the particular codefendant had favorably testified at a previous time exculpating Gaparelli and though joined as a codefendant in the indictment, the codefendant offered no defense and took no part in the trial and said the appellate court ‘ ‘ it was clear that the Assistant District Attorney would permit the codefendant to plead to a lesser offense at a subsequent time.” Thus in the Caparelli case cited by the defendant and in other similar cases (see People v. Lowry, 8 A D 2d 956 and cases cited therein) the retrospection of the appellate courts clearly indicates that where there is an ‘ ‘ arrangement ” whereby a codefendant who assists the prosecutor in the trial of the case may be offered a lesser plea upon the completion of the trial such circumstances would be appropriate grounds for granting an application for separate trials. However, we have no such fact pattern in this case. Except for the charge of assault, in which this codefendant appears not to be directly involved, the crimes charged in the indictment are personal to each defendant in that the charge of perjury before the Grand Jury does not involve either the question of identity nor does it require an active codefendant who participated in the commission of the perjurious statement.
In People v. Hannon (50 Misc 2d 297) defendant and two others were jointly charged with conspiracy, the facts were such that a codefendant indicated a desire to call other codefendants, have them sworn as witnesses and despite objections of their counsel and notwithstanding the possibility or even the probability that if sworn they would invoke their constitutional immunity from self incrimination, attempt to require their testimony. It is equally clear from the reading of the case that the purpose of calling the codefendants was to place the criminal responsibility for the acts charged solely upon them and to exculpate himself from criminal responsibilty. While in the Hannon case the trial court granted the motion, it appears clear that the factual situation does not pertain to the instant case.
*854 The basic constitutional question raised by the Harmon case deals with the right of a prosecutor or defense counsel to comment on the refusal of a codefendant when called to the witness stand to testify based upon his constitutional right under the Fifth Amendment of the United States Constitution. The court has taken upon itself the review of other cases in this area and finds that the weight of opinion would preclude comment by either the prosecutor or a codefendant’s attorney upon the refusal of a defendant to testify under such circumstances (1 ALB 3d 989 and cases cited therein). It is therefore the order of this court that this defendant is not entitled to a separate trial, and his motion for separate trials is denied, and it is further
Ordered that, should the circumstances during the trial of this case require defense counsel for any defendant to call a codefendant as a witness that he shall indicate such intention to the court outside the presence of the jury, at which time the court will take such steps as it may deem appropriate to insure that neither the defendant nor the codefendant to be called as a witness shall be prejudiced thereby, and the court further directs that should a defendant refuse to testify based upon a claim of Fifth Amendment protection neither defense counsel nor the prosecutor may comment thereon.