John S. Lockman, J.
The defendant has moved for á trial severance pursuant to CPL 200.40 (subd. 1). The defendant and two codefendants are charged in the indictment with one count of robbery in the second degree (Penal Law, § 160.10) and one count of grand larceny in the third degree (Penal Law, § 155.30). The defendant alleges two grounds for his motion: 1) written statements made by two codefendants inculpate defendant Thomas and, when introduced into evidence, will unduly prejudice his case; and 2) defendant Thomas intends to call the two codefendants as witnesses in his defense, and if done at the same trial, they will claim their Fifth Amendment privilege, but if done at a separate trial, they will “ exculpate him from any guilt as to the crimes alleged in the indictment.”
CPL 200.40 (subd. 1) reads in part that: “the court, upon motion of a defendant or the people made at any time before trial, may for good cause shown order in its discretion that any defendant be tried separately from the other or from one or more or all of the others.” (Emphasis supplied).
The granting of a separate trial is not a matter of right, but is a matter within the sound discretion of the court, where it appears that prejudice may inure to a defendant if tried jointly With others. (See Commissi on Staff Comment CPL 200.40; McKinney’s Cons. Laws of N. Y., Book 11A, CPL 200.40, Practice Commentary by Richard Gr. Denzer; People v. Fisher, 249 *1070 N. Y. 419; People v. Diaz, 10 A D 2d 80, affd. 8 N Y 2d 1061; People v. Krugman, 44 Misc 2d 48.)
The court, in exercising its discretion, must détermine “whether a separate trial will assist or impede the proper administration of justice and secure to the accused the right of a fair trial. The question always presented by such a motion is whether a jury can properly weigh the testimony upon the various issues which may arise.” (People v. Fisher, supra, p. 424; People v. Welch, 16 A D 2d 554, 555-56).
“ The decision of the trial court rendered before the trial is dictated by a reasonable anticipation based on the facts then disclosed.” (People v. Synder, 246 N. Y. 491,497.)
It appears here that the People are in possession of written statements from the two codefendants inculpating defendant Thomas, and are also in possession of an oral statement from the defendant Thomas. The contents of this oral statement are not known at this stage in the proceeding-; a hearing on this statement has been ordered (see People v. Thomas, Nassau County Ct., Sept. 29, 1972, Altimabi, J.) but has not yet been held.
The Bruton rule, as most often used by the various courts considering Bruton situations, is that: “ the introduction at a joint trial of a nontestifying defendant’s extrajudicial confession, which cbnfession inculpates a codefendant, violates the codefendant’s right of confrontation guaranteed by the Sixth Amendment, despite specific limiting instructions by the trial judge as to the restricted use the jury might make of such a confession.” (See Confrontation Clause — Bruton Buie, Ann. 29 L Ed 2d 931, 938-939, n. 13).
From a reading of the cases in New York applying and interpreting the Bruton rule, the following picture emerges. Where each cbdefendant’s confession implicates himself and the others, the admission of all the statements (with limiting instructions) is fair. (People v. McNeil, 24 N Y 2d 550; People v. Galloway, 24 N Y 2d 935.) Where the confessions of two implicate a third silent codefendant, Bruton applies and separate trials should be ordered. (People v. Cefaro, 23 N Y 2d 283; People v. Krugman 44 Misc 2d 48, supra.) Where confessing codefendants take the witness stand, so that a nonconfessing codefendant has the opportunity to cross-examine, there is no violation of the Bruton rule. There is no prejudice where the defendant had the opportunity to exercise his right to confrontation (People v. Anthony, 24 N Y 2d 696). The same reasoning applies- where the opportunity to cross-examine is afforded at *1071 a Huntley hearing. (People v. Stanbridge, 26 N Y 2d 1; citing People v. Galloway, supra.) Further, where a confession which implicated a nondeclarant can be “ effectively redacted ”, it is admissible at a joint trial without a violation of the Bruton rule. (People v. Boone, 22 N Y 476, 486; see, also, People v. Cefaro, supra, p. 289.) Effective redaction becomes more difficult with respect to oral statements, but is possible and proper. (People v. Baker, 23 N Y 2d 307, 317.)
The New York Court of Appeals, in People v. Baker (26 N Y 2d 169, 173), stated that in inquiring into Bruton situations, ‘ ‘ we have looked to the actual effect of the implicating confession on the complaining defendant in determining whether the rationale underlying Bruton is applicable” (emphasis supplied). In determining the “actual effect” the court has adopted a balancing test. In People v. McNeil (24 N Y 2d 550, 552, supra), the confession of the complaining codefendant was characterized as “ almost identical to the confessions of his codefendants ”, so that the logic behind the Bruton rule did not apply. In People v. Galloway (24 N Y 2d 935, supra), the court applied the rationale of the McNeil holding where, “ Each defendant made a statement or confession * * * in which each implicated the other.” In People v. Baker (supra, p. 173), the court applied the standard that the confession of one defendant must be “ substantially to the same effect as his codefendant.” In that case the standard was not met, that is, the statements did not balance, and therefore the Bruton rule applied.
Clearly, this balancing test goes to the content of a statement or confession, and not to the form. We have found no case that draws a distinction between a written and an oral statement or confession as to the relative weight of each in striking a balance, that is in determining the ‘ ‘ actual effect ’ ’ of each on a jury and thus on a defendant.
Therefore, based on all of the foregoing, we find, at this time, that to try these defendants jointly would not violate the Bruton rule. On the reasoning of the Court of Appeals’ holding in People v. McNeil (supra), “ the logic of Bruton is inapplicable.”
We feel compelled, however, to explain our emphasis on “at this time ’ ’. Since the Huntley hearing has yet to be conducted, the possibility is extant that the oral statement of the defendant might be suppressed. In such event, this case might then come under the reasoning in Cefaro (23 N Y 2d 283, supra) and Krugman (44 Misc 2d 48, supra), and a separate trial might be warranted.
*1072 As to the relative weight a jury, might attach to a written vs. an oral statement, we would point out that the Legislature and the courts of Néw Yor^ seerq to find greátér 'weight in a written statement. CPL 240.20 (subd. 1, par. [b]) gives a defendant an- absolute right to discovery of any written statement he has made to law enforcement authorities. There is no such discovery right with respect to an oral statement (People v. Riley, 46 Misc 2d 221; People v. Blair, 64 Misc 2d 519; People v. McDonald, 59 Misc 2d 311; People v. Powell, 49 Misc 2d 624). As a practical matter, jurors could conceivably attach greater weight to a signed statement placed before them in their deliberations. The testimony of a law enforcement agent as to what he remembers a defendant said in his presence, and upon which he has beén cross-examined by defense counsel as to his recollection, actions, and motives, might not have the same weight, as a signed confession before the jury. The ‘ ‘ actual effect ” could be substantially different. No court in New York however has yet drawn this kind of distinction. As previously pointed out, for Braícm-confrontation purposes, the courts have not made any distinction. We find therefore, at this time, that the Bruton rule is not violated by jointly trying these defendants, and that the portion of defendant Thomas’s motion based on Bruton v. United States (391 U. S. 123) is denied.
Defendant Thomas’s second ground for a trial severance is that he intends to call his two codefendants as witnesses in his behalf. He contends that, if done at the same trial, they will claim their Fifth Amendment rights; if done at a separate trial, they will exculpate him from any guilt.
The leading case in this area is People v. Owens (22 N Y 2d 93). There the New York Court of Appeals laid down the test for trial severance in these terms: ‘ ‘ It is undoubtedly true that a party’s right to defend may bé severely impaired if he cannot call his codefendánt as a witness or, as the case may be, comment on his failure to testify * * * Consequently, these factors must be considered by the trial court in exercising its discretion whether to sever the trials of persons jointly indicted * * * ' Indeed, upon a proper showing of need for the codefendant’s testimony, it may be an abuse of discretion to deny severance. But there must be a showing of intention to call the codefendant as a witness and a need to do so; the mere Statement of intention is hardly sufficient unless the circumstances indicate sincerity of intention and' reasonable need.” (People v. Owens, supra, at p. 98; emphasis supplied).
*1073 Trial severance remains within the sound discretion óf the court; the defendant must make a proper showing of (1) his intention to call the codefendant, and (2) his need to do so. The moving papers before the court indicate “ a showing of intention to call the codefendant[s] as * * * witness[es].” What we must determine is whether the defendant has made a proper showing of reasonable need to call the codefendants. As previously pointed out, the court must determine this issue from the facts before us, and from a “ reasonable anticipation ” based on those facts. A mere statement of need is clearly insufficient. (See People v. Snyder, 246 N. Y. 491, supra; and People v. Owens, 22 N Y 2d 93, supra.)
The New York Court of Appeals in Owens (supra) cites United States v. Gleason (259 F. Supp. 282), as “ containing a valuable discussion of reasonable need.” In that case, on affidavits from both the moving defendant and her attorney, it was sworn that she “placed herself trustingly in [codefendant] Pitkin’s hands, and followed his instructions in all pertinent transactions without any reason to believe that her income tax obligations were not being faithfully discharged * * * The moving affidavits go on to show, and it is not disputed, that Pit-kin has in the past made written and oral statements tending to exculpate his taxpayer-clients.” (United States v. Gleason, supra, p. 283). The moving defendant further tried to exculpate herself by appearing and testifying before the Grand Jury.
In the case before us, the moving papers contain a mere statement that if the codefendants are called at a separate trial, they will testify and their testimony will exculpate the defendant; if, however, called at a joint trial, they will invoke their Fifth Amendment privilege and refuse to testify. The circumstances in the case, however, indicate that the codefendants have given written statements inculpating the defendant. There is no indication why, if called at a separate trial of defendant Thomas, they would exculpate him. Without a proper showing of need to call, this court cannot exercise its discretion in favor of the defendant’s motion.
As pointed out by Judge Paul Kelly in People v. Gilmour (56 Misc 2d 852), if the case were otherwise, “ all that would be required in any instance when there is more than one defendant named in the indictment is for the one seeking a separate trial to. indicate to the court that it is in his intention to call a ctidefendant as a witness and thus be entitled to an order grafting the severance. Such is not yet the status of the law.”
*1074 Since the defendant has not met his burden of showing a need to call his codefendants under the circumstances of this case, and upon reasonable anticipation based on the facts as disclosed to this point in the proceeding, this portion of the defendant Thomas’s motion must also be denied.