Oscar Murov, J.
Defendant, Otis Player, accused by indictment on two counts of robbery in the first degree, moves for the following items of multiple relief:
A. Defendant applies herein pursuant to CPL 210.25, for dismissal of the indictment as defective and, additionally, pursuant to CPL 210.40, dismissal “ in furtherance lof justice ”.
The alleged deficiency in the indictment stems from its vagueness, defendant contends, in that it does not inform the defendant of the exact place and' time of commission of alleged criminal acts, nor the specific criminal acts allegedly committed or whether the crimes charged were committed at the same or at different times .and places.
Each count of the indictment charges robbery in the first degree. The factual allegations are identically stated in both counts, varying only with respect to the name of the victim of each offense, and follows the language of the statute, to wit: ‘ ‘ The defendants, acting in concert and aiding and abetting each other, in the County of Suffolk, on or about July 29, 1974, f orcibly stole certain property from-, namely, TJ. S. currency, and in the course of the commission of the crime and of immediate flight therefrom, displayed what appeared to be a pistol, revolver, rifle, shotgun, machine gun or other firearm.”
CPL 210.25 declares an indictment to be defective under either of three sets of circumstances: (1) where .the indictment does not conform to the requirements stated in article 200; (2) where *179 allegations demonstrate that the court does not have jursdiction of the offense charged; land (3) where the .statute defining the defense is unconstitutional. Defendant’s challenge to the indictment’s sufficiency 'alleges defects within the purview of subdivision 1.
GPL 200.50 which sets forth the minimum requirements for the contents of an indictment declares in 'subdivision 5 that the instrument must contain ‘ ‘ A statement in each count that the offense charged therein was committed in a designated county”; subdivision 6 requires £ £ A statement in each count that the offense charged therein was committed on, or on or about, a designated date, or during a designated period of time and subdivision 7 mandates, ‘ ‘ A plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of the offense charged and the defendant’s or defendants’ commission thereof with sufficient precision to clearly apprise the defendant or defendants of the conduct which is the subject of the accusation.”
The place of the offense is sufficiently stated if the indictment states the county in which the ’offense was committed even in the absence of a specific designation (People v. Parkinson, 181 Misc. 603). The exact time of the offense is inessential to the indictment’s sufficiency unless time is a material ingredient of the crime (People v. Thompson, 12 Misc 2d 907). The court is unable to discern from its reading of GPL 200.50 any requirement therein that it be established in the indictment whether separate counts be stated in a manner whereby it can be determined that the offenses charged were or were not committed at the same time or place.
The court turns now to defendant’s contention that the indictment is defective because it merely contains statutory phraseology and fails to state the specific criminal acts alleged to have been committed.
In People ex rel. Guido v. Calkins (9 N Y 2d 77), it was held ■that an allegation closely following the words of the statute was' not insufficient as a matter of law. ‘ ‘ The statute may itself be enough detailed in describing the crime that more may be either unnecessary or even impossible ” (p. 81).
The essential elements that are required to be proven in order 'to secure a conviction for commission of robbery in the first degree (Penal Law, § 160.15, subd. 4) include the following: (1) application of force; (2) in stealing; (3) property; (4) the display of a statutorily named implement during the course of or flight from the commission of a crime.
*180 The indictment herein sets forth as much. These are the ultimate facts to ibe proven, as opposed to conclusions of law, and the indictment is sufficient even in the absence of a specification of details of the underlying evidentiary facts. (See People ex rel. Guido v. Calkins, supra; People v. Wisch, 58 Misc 2d 766; People v. Dilliard, 163 Misc. 146.)
Defendant’s companion request for dismissal pursuant to CPL 210.40 appears to be inappropriately numbered -since the facts alleged in support of the application recite nothing that would warrant dismissal in the interest of justice but argue instead that subdivision 4 of section 160.15 of the Penal Law is unconstitutional. The alleged unconstitutionality stems from the requirement that a defendant assert an affirmative defense if he is to escape conviction of the first degree offense by demonstrating that the weapon was not capable of inflicting serious physical injury. Defendant argues that said requirement relieves the People of proving every essential element of the crime and at the same time compels defendant, if he is to extricate himself, to prove a fact that would establish his guilt of a lesser degree of the crime in derogation of defendant’s rights to due process and privilege against self incrimination.
The court would note that the People are not relieved of the requirement that proof be furnished that defendant displayed what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm. Subdivision 4 of section 160.15 of the Penal Law does not require proof that the implement brandished was capable of inflicting serious physical injury as defendant contends although proof to the contrary adduced by defendant is an affirmative defense.
A person who brandishes a pistol, revolver, rifle, shotgun, machine gun or other firearm during commission of a robbery or in the immediate flight therefrom is guilty of robbery in the second degree. Proceeding upon their presumption that a weapon displayed under such circumstances is loaded, the Legislature decreed that a coalescence of the presumption with all of the elements set forth above amounts to the crime of robbery in the first degree. (See Governor Rockefeller’s memorandum dated May 26, 1969, McKinney’s Session Laws of 1969, p. 2566.) Allowance is made, however, for rebuttal of the assumption by proof by an affirmative defense that the firearm was not loaded and incapable of inflicting serious physical injury. 1 ‘ A presumption is also created by the present statutes to the effect that possession of certain weapons is presumptive evidence of possession with intent to use unlawfully.” (2 Mottla, New York *181 Evidence, Proof of Cases, § 890, p. 52; Penal Law, § 265.15, subd. 4 •, People v. Adamkiewicz, 298 N. Y. 176; see, also, People v. Sullivan, 173 N. Y. 122.)
The imposition upon a defendant of the burden of establishing an affirmative defense by a preponderance of the evidence (Penal Law, § 25.00, subd. 2) does not involve a violation of constitutional due process (People v. Laietta, 30 N Y 2d 68, cert. den. 407 IT. S. 923). The burden of proof of the entire case and the duty of establishing the guilt of the defendant beyond a reasonable doubt remain with, the prosecution (People v. Terra, 303 N. Y. 332, app. dsmd. 342 U. S. 938).
The court has examined defendant’s claim of entrapment and rejects the same as lacking in merit. “Entrapment is not a defense which negatives an essential element of the crime, but rather constitutes a defense in the nature of confession and avoidance. ’ ’ (People v. Laietta, supra, p. 75.)
In view of the foregoing, defendant’s motion for an order dismissing the indictment is denied in all respects.
B. Defendant’s motion for alternative relief is determined as follows:
1. Defendant’s application for an order directing that he be tried separately from his codefendants is denied. A motion pursuant to GPL 200.40 is addressed to the sound discretion of the court. (People v. Feolo, 282 N. Y. 276; People v. Fisher, 249 N. Y. 419; People v. Gilmour, 56 Misc 2d 852.) The exercise of the court’s power in this regard is conditioned upon the advancement of justice and upon a showing of good cause (CPL 200.40, subd. 1; People v. Thomas, 71 Misc 2d 1069). Defendant’s affidavit avers that it is his belief that codefendants gave statements to law enforcement officials which may have implicated him. If it is defendant’s contention that he intends to call codefendants as witnesses in a separate trial, then the fact that their statements have implicated him would make it appear that their testimony at a separate trial would not be exculpatory (see People v. Thomas, supra). Moreover, no adequate showing has- been made demonstrating defendant’s need and intention to procure the testimony of the codefendants, that said testimony would prove exculpatory or that defendant would be prejudiced by a joint trial (People v. Owens, 22 N Y 2d 93).
2. Defendant’s motion for suppression of his confession and testimony concerning identification of the defendant is granted upon consent of the District Attorney to the extent that a consolidated Wade-Huntley hearing will be held to determine said issues immediately before trial.
*182 3. Defendant’s application for discovery is determined as follows:
(a) The motion for an order directing disclosure of all exculpatory material is denied. This obligation is imposed on the People at all times and is explicitly acknowledged by them. Under the mandate of Brady v. Maryland (373 U. S. 83, 87), the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or .to punishment, irrespective of the good faith or bad faith of the prosecution and no order is required to force compliance by the District Attorney.
(b) The motion for an order directing that defendant be provided with copies of alleged written or recorded admissions or statements of all the defendants is granted to the extent of defendant’s own statements heretofore furnished and annexed to the District Attorney’s opposing affidavit. Discovery of codefendant’s statements is denied (People v. McMahon, 72 Misc 2d 1097).
(c) The application for discovery of reports concerning physical or mental examinations and scientific tests is granted to the extent such material is in the possession, custody or control of the District Attorney (CPL 240.20, subd. 2) nr is subsequently acquired (CPL 240.40).
(d) Defendant’s application for copies of lineup or other photographs is granted. The People resist, not on the grounds that the material sought is exempt, but because it is evidentiary. Article 240 does not specifically deny to a defendant the disclosure of evidentiary material as does CPL 200.90. Subdivision 3 of CPL 240.20 is characterized by Judge Denzer in his Practice Commentary to the instant section as providing a classification equivalent to that found in subdivision (b) of rule 16 of the Federal Buies of Criminal Procedure (U. S. Code, tit. 18, Appendix). (See Practice Commentary, McKinney’s Cons. Laws of N. Y. Book 11A, CPL § 240.20, p. 469.) The discovery and inspection of evidence, including 11 mug shots ’ ’ shown to witnesses, is operatively provided for by either subdivision. (,See Paperno and Goldstein, Criminal Procedure in New York [Bev. ed.], part I, § 282, pp. 456, 457.)
4. The application for a bill of particulars is granted to the extent of the particulars heretofore furnished in the People’s opposing affidavit.
No order need be submitted. The decision herein shall constitute the order of the court,