■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. VITO MATARESE, Appellant.—Judgment, Supreme Court, New York County, rendered February 11, 1974, convicting defendant, after a jury trial, of two counts of burglary in the third degree and one count of grand larceny in the third degree, unanimously modified, on the law, to the extent of reversing defendant's conviction of one count of burglary (Count No. 2) and dismissing said count of the indictment. Except as so modified, said judgment is affirmed. Defendant was charged by indictment with two counts of burglary, third degree, one count of grand larceny, third degree, and one count of petit larceny. The trial court properly denied defendant's *Luck* motion *(Luck v United States,* 348 F2d 763). There was no requirement for a full pretrial determination of defendant's motion since *People v Sandoval* (34 NY2d 371) had not yet been decided. However, the matter is one for the exercise of discretion, and if there was error it would be harmless where conclusive evidence of defendant's guilt made it unlikely that a jury would have returned a more favorable verdict if defendant had taken the stand *(People v Fong,* 54 AD2d 638). A witness saw the defendant enter an apartment through a window and exit later carrying a television set. Minutes later he returned, entered by way of the window and later exited with a canvas bag full of unknown and undescribed property. The facts and the theory upon which the question of grand larceny was submitted to the jury suggest that this was one illegal scheme and the two entries were performed in pursuance of that scheme (see CPL 200.30), and therefore conviction of one count must be reversed *(People v Richlin,* 74 Misc 2d 906). Concur—Lupiano, J. P., Silverman, Evans and Markewich, JJ.