OPINION OF THE COURT
Eugene R. Canudo, J.
The defendants, Michael R. Bianca, Nicholas J. Bianca, and Nicholas F. De Bello, accused by Indictment No. 2770/79 of two counts of robbery in the first degree, join in moving for dismissal of the second count inasmuch as both counts are based on the commission of a single criminal transaction.
*359 The affirmation of Marshall Trager, Esq., counsel for the defendant Nicholas J. Bianca, cites People v Player (80 Misc 2d 177) in support of the motion, and asserts that commission of multiple counts of robbery is acceptable where the counts are identical except for the names of the victim, but that "there is no basis in law, logic or reasoning for permitting multiple charges of robbery where the sole distinction in the counts of the indictment is predicated on the different types or kinds of items taken during the course of the robbery.” The defendants also cite People v Matarese (57 AD2d 765) stating that since the robberies, as alleged, are the same and the items which were allegedly stolen were taken during the single criminal transaction, "the indictment should only properly charge the defendants with the commission of one count of robbery in the first degree.” No case law has been found on the point at issue.
Count 1 alleges that the defendants, aiding and abetting and being aided and abetted by each other and by one Vincent Anzalone did, on a certain day in Suffolk County, forcibly steal "certain property” from Simon Molldene and Steven Molldene, doing business as Select Auto Radio, and in the course thereof, and in the immediate flight therefrom, one or more participants displayed what appeared to be a revolver. That count of the indictment alleges that while so acting in concert they "forcibly stole automobile radios and various audio equipment.”
Count 2 names the same defendants, the same date and the same county, but charges the forcible stealing of "certain property”, with what appeared to be a revolver, not from Simon Molldene and Steven Molldene, but from Steven Molldene alone. It charges the defendants, acting in concert, with forcibly stealing a wallet containing a Visa card from that oile victim.
People v Player (supra) does not present any basic disagreement with the point here at issue. It involved questions of sufficiency and in it Judge Oscar Murov sustained two robbery counts that varied only with respect to the name of the victim of each offense. Matarese (supra), in which the court dismissed a grand larceny count while sustaining two burglary counts, involved the "victimization” of just one location, within minutes, by the taking of a television set and the removal of a canvas bag full of property. It was one illegal *360 scheme, said the Appellate Division, with two entries performed in pursuance of that scheme.
The current indictment, it is true, alleges one illegal scheme. However, the facts are not identical for both counts, either as to the type of property in question or as to names of the victims. This is not the type of situation one finds in People v De Martino (71 AD2d 477, 486-487) where various counts of an indictment for criminal contempt were based on repeated refusals of the same witness to answer questions on the same subject matter in a Grand Jury appearance. There, the court found that each defendant engaged in a continuing act which would serve as the predicate for a single count of contempt, even though it involved a number of interrogatories (People v Riela, 7 NY2d 571; People v Chestnut, 26 NY2d 481, 491-492). In the case at issue, if the Grand Jury had consolidated the charges into one count this would have resulted in needlessly complicated language and, possibly, would have created an insuperable problem for a jury that might be disposed to consider the taking of the auto radio equipment from two victims as a separate entity, as against the seizure of the wallet and credit card from just one victim. Conceivably, the jury might see fit to differentiate the posture of one or more of the defendants as to count 1 from that of the same person or persons as to count 2. For example, Michael Bianca, in whose possession the Visa card was found 19 days after the robbery, was quoted by the police as having stated that he had purchased it and he stated on the witness stand that he had bought it. If the jury were to accept that defense, it would have to acquit him and the other defendants of the charge that that card was obtained through an act of robbery, even though they might be convinced that one or more of the defendants were guilty of the forcible stealing of the radios and audio equipment. If the indictment had only one count, covering the robbery of the automobile radios from two victims and the robbery of the wallet and Visa card from one victim, the failure to establish the Visa card charge would mean that the entire case would fail. Conversely, the jury might find a robbery with respect to the wallet and Visa card, but not as to the auto radios, whether because of insufficient corroboration as to that item or for any other reason. Then, too, the facts might support a finding that one or more of the defendants fully involved in the stealing of the radios and audio equipment had no knowledge of the taking of the wallet *361 and Visa card and therefore could not form the requisite intent as to that matter.
These factors simply indicate that there are issues which must be left to the jury to determine, separately, as to each count. The indictment is sufficient under the requirements of CPL article 200. In structure and legal effect, it does not violate any of the particulars called for by CPL 200.50. The drafting of the indictment presents the issues clearly, pointing up the divergent issues to be considered by the jury.
Each count of an indictment may charge one offense only (CPL 200.30, subd 1). In my opinion, consolidation of both counts into one would have violated that mandate. To eliminate the second count, as requested by the defendants, would be a serious error. That motion is therefore denied.