The People of the State of New York, Plaintiff, *v.* Morris L.
Gaskill and Another, Defendants.

County Court, Niagara County, May 10, 1928.

**Crimes — separate trials — defendants were jointly indicted more than
a year ago, but failed to move for speedy trial — application for separate
trials denied where defendants can have fair and impartial trial if tried
together.**

Defendants, who were jointly indicted more than a year ago, are not entitled to
separate trials where it appears that they could have had speedy trials had they
so elected and urged, and that there is nothing to show that they cannot have
a fair and impartial trial if tried together under proper instructions of the court;
the application is also denied in the discretion of the court.

Motion by defendants for separate trials.

*Raymond A. Knowles, District Attorney,* for the People.

*Roy H. Ernest [Michael J. Noonan* of counsel], for the defendant
Gaskill.

*Dempsey & Fogle [David A. White* of counsel], for the defendant
Waite.

Gold, J.   This is a motion on behalf of the defendant Gaskill,
on the one hand, and the defendant Waite, on the other, for a
separate trial.

This motion is directed to the court because of the provisions of
section 391 of the Code of Criminal Procedure, which provides
as follows: " Defendants, jointly indicted, may be tried separately
or jointly in the discretion of the court."

The indictment states that the alleged offense was committed
on December 10, 1925.   This indictment was found by the grand
jury in September, 1926.   Approximately one year and eight
months have elapsed since the finding of the indictment.

I do not know the reasons advanced for the delays in the trials
or at whose request they were granted.   It is true, however, that
the defendants could have secured a speedy trial, had they so elected
and urged.   The Sixth Amendment to the Constitution of the
United States, among other things, provides that " in all criminal
prosecutions, the accused shall enjoy the right to a speedy and
public trial."

The whereabouts of the defendant Gaskill was unknown for a
considerable period.   During that time the defendant Waite could
have insisted on a speedy trial, in which event he would have been
tried alone.   He could then have secured the very relief which he

is now seeking of the court. Because of his delay, he must now address himself to the discretion of the court.

It has been urged by the district attorney that a separate trial will cause further delay and added expense to the county. While this seems of importance to the People, it should not be the deciding factor in determining this motion.

Are there circumstances or facts which would make it unfair to try the defendants together? That should be and is the controlling factor. After listening to the arguments of the counsel for each defendant and to the district attorney, and after due deliberation, I am convinced that the defendants can and will have a fair trial if tried together.

It is the duty of the court to properly instruct the jury with reference to the testimony affecting each defendant, and to see that the rights of each defendant are properly safeguarded. This the court will do to the utmost of his ability. With this in mind, I do not see how any harm can come to either defendant by trying the defendants together.

It is also urged that the selection of jurors under section 360 of the Code of Criminal Procedure will be prejudicial to the rights of the defendants. The said section provides as follows: " When several defendants are tried together they cannot sever their challenges, but must join therein."

The Legislature of the State of New York is responsible for that law. It is not for this court to pass upon its merit or demerit. This court must accept it as the law of this State. If this law is unfair to these defendants, it is also unfair to all defendants in all the courts of this State where defendants are tried together.

Having already concluded that these defendants can have a fair and impartial trial together, under the proper instructions of the court, this court does not deem the second objection of sufficient importance to cause it to change its attitude.

The motion is, therefore, denied.