David T. Gibbons, J.
The defendant, Victor Cannata, applies to this court for an order severing the indictment and granting him a separate trial pursuant to the provisions of section 391 of the Code of Criminal Procedure.
By indictment dated July 2,1970 this defendant and Anthony Noto and Charles J. Mangieri were charged by the Grand Jury of Nassau County with the crimes of burglary in the second degree, and grand larceny in the second degree.
In his moving affidavit, counsel for the defendant, Victor Cannata, states that, “ after a detailed investigation into the facts and circumstances, it is your deponent’s present intent to call each of the co-defendants at the trial of the defendant, Victor Cannata, in order that these co-defendants give exculpatory testimony.”
He concludes his affidavit with the following language.
‘ ‘ It is further submitted that should the court not grant your deponent’s motion and should he call the co-defendants Noto and Mangieri upon the joint trial, the court would have to grant a mistrial. The case of People v. Owens (22 N Y 2d 93) is respectfully cited in support of your deponent’s motion.”
Essentially, the rule of the Owens case was established, on the one hand, to protect the right of a defendant to call his codefendant as a witness on his behalf where he deems it may be helpful, and, on the other hand, to avoid the mischief of the resulting serious prejudice to such codefendant sought to be examined, who, when called to testify, advances his constitutional rights against self incrimination before the jury, as the basis for his refusal to testify.
A fair balance must be maintained to protect the respective rights of all parties concerned, and when it appears that a defendant shows a need for the testimony of his codefendant, coupled with a bona fide intention to call such person as a witness on the trial, the court is called upon to examine all the facts and determine whether its discretion should be exercised on the question as to whether a separate trial should be granted to protect the rights of the respective parties.
In both People v. Owens (supra) and in People v. Caparelli (21 A D 2d 882) the application for a separate trial was made by the defendant sought to be examined, when he refused to tes *878 tify. Until such refusal is made known to the court, the question of granting separate trials to preserve the rights of the parties has not arisen.
People v. Owens (supra, p. 98) holds that, “If a defendant knows or should have known in advance of trial of his intention to call a codefendant as a witness or that of a codefendant to call him as a witness the application for appropriate relief must be made in advance of trial, indeed, as early as it is reasonably feasible ”.
Orderly procedure would call for such motion to be made not only promptly, but on notice to all parties to the proceeding, so that the court could pass upon the need to call such defendant witness, the bona fides of the expressed intent to call him, and, above all, whether the defendant whose testimony is sought, will, or will not, consent to testify. If he should indicate a willingness to testify, the need for a separate trial may then become nonexistent.
It is, therefore, the determination of the court that the instant motion be denied, without prejudice to a renewal thereof on notice to all defendants.