Henry F. Werker, J.
The above-named defendants have each made motions for a trial separate from the other.
The basis for the motion by the defendants, Seymour Sher and Gene Amash, as stated in the moving affidavit is:
'‘ 4. That upon careful examination of the indictment and the facts surrounding them, it is believed that a joint trial would be highly prejudicial to both Seymour Sher and Gene Amash. The potentiality of testimony by one of the co-defendants and the acknowledged publicity one co-defendant has received are two strong reasons for severance. (See, e.g., People v. Gaskill, 132 Misc. 318.) ”
The section of the CPL controlling a motion for a separate trial is 200.40 (subd. 1) which reads as follows: “ 1. Two or more defendants may be jointly charged in a single indictment provided that all such defendants are jointly charged with every offense alleged therein. Even in such case, the court, upon motion of a defendant or the people made at any time before trial, may for good cause shown order in its discretion that any defendant be tried separately from the other or from one or more or all of the others.”
The case cited by defendant’s counsel, People v. Gaskill (supra) merely states the general rule that the facts and circumstances in each case must be considered to determine whether there is a probability that a joint trial would be unfair to any defendant. That case does not solve the problem here.
Let it be said at the outset that this court knows nothing about ‘ ‘ acknowledged ’ ’ publicity in this county. Since nothing is set out in the moving affidavit or was added by oral argument in amplification with respect to undue publicity as to the one defendant, it is the finding of this court with respect to that basis for a separate trial that none of the defendants will be prejudiced by the publicity which attended the arrest of one of the defendants.
A further ground for a separate trial by these defendants is alluded to in the moving affidavit, namely, ‘ ‘ The potentiality of testimony by one of the co-defendants ”.
This is also the gravamen of the moving affidavit submitted on behalf of the defendant D ’Apice: “ 5. That after a detailed investigation into the facts and circumstances, it is your deponent’s present intent to call each of the co-defendants at the *849 trial of the defendant, Andrew D’Apice, in order that these co-defendants give exculpatory testimony. ’ ’
Presumably, the nature of the exculpatory testimony to be elicited from the codefendants is contained in paragraph 4 of the moving affidavit, to wit, ‘‘ That the defendant, Andrew D ’Apice is from Brooklyn, New York, and the co-defendants, Seymour Sher and Gene Amash, are both from Albany, New York. The defendant, D ’Apice, never met, knew or even heard of the co-defendant Amash until after the arrest and arraignment of all three defendants. All five counts of the indictment refer to activities of the co-defendant Sher with one Chris Rienzo, Jr. in Greene County and to activities of the co-defendant Amash with the said Chris Rienzo, Jr. in Ulster County. As far as the matters set forth in the long form indictment are concerned, defendant D ’Apice never left Kangs County and never participated in any meetings with said Chris Rienzo, Jr. in either Greene County with co-defendant Sher or in Ulster County with co-defendant Amash or in Albany County with Chris Rienzo, Jr. and either of the two co-defendants, (sic) Sher or Amash.”
Upon the argument of the motion, no other or different suggestion was made as to the exculpatory nature of the testimony which might be given by Sher or Amash.
It is to be noted that nothing is said in the affidavit that D ’Apice did not meet with Rienzo or the defendant Sher in Kings County or elsewhere.
The law of this case is that a coconspirator is responsible for all of the antecedent and subsequent acts of all conspirators whether he is aware of those acts at the time he joins the alleged conspiracy or later and that it is not necessary that each person actually know every other person who joins or is a party to the conspiracy or who took part in all of the acts done in furtherance thereof. (See People v. Sher, decided Feb. 4, 1972, 68 Misc 2d 917, 926 and cases cited therein.) Consequently, the nature of the testimony to be elicited as set forth in paragraph 4 would not, as a matter of law, be exculpatory.
Paragraph 5 of the moving affidavit also states: “ It is further submitted that should the court not grant your deponent’s motion and should he call the co-defendant Sher and Amash upon the joint trial, the Court would have to grant a mistrial.”
This court is bound by the decision of the New York Court of Appeals in People v. Owens (22 N Y 2d 93).
The language of the Court of Appeals which controls in this instance is contained in the decision at page 98.
*850 ‘ ‘ Indeed, upon a proper showing of need for the codefendant’s testimony, it may be an abuse of discretion to deny severance. But there must be a showing of intention to call the codefendant as a witness and a need to do so; the mere statement of intention is hardly sufficient unless the circumstances indicate sincerity of intention and reasonable need. (See Smith v. United States, 385 F. 2d 34, 38; Brown v. United States, 375 F. 2d 310, 316; United States v. Echeles, 352 F. 2d 892, 896; De Luna v. United States, 308 F. 2d 140; United States v. Gleason, 259 F. Supp. 282, containing a valuable discussion of reasonable need; People v. Caparelli, 21 A D 2d 882, 883; People v. Krugman, 44 Misc 2d 48, 51, supra.) ”
In Smith v. United States (supra, p. 38) decided in November, 1967, the Fifth Circuit explained its holding in De Luna v. United States (supra) decided in 1962 as follows: “ An intention of the movant to have his codefendant testify has never been considered a ground for severance.
‘ ‘ This is especially true where, as here, any prejudice resulting from the joint trial is merely speculative. Lott has neither shown nor asserted that (1) Smith’s version of the facts would have any exculpatory effect, or that (2) Smith would more likely testify were he tried separately. We do not conjecture abuses of discretion.”
The court, as a footnote, in explaining the above statement said, ‘ ‘ DeLuna v. United States, 308 F. 2d 140, 1 ALB 3d 969 (5th Cir. 1962), is no obstacle. We did not there hold that severance would be demanded by an intention to call a co-defendant who would likely invoke the Fifth Amendment. The holding was directed to the effect of such a situation on a recalcitrant defendant when his silence was commented upon in argument.”
By inference upon the argument of this motion and also from the above-quoted sentence from paragraph 5 of the defendant D’Apice’s moving affidavit that defendant will testify upon the trial of this case and then will call the codefendants or if the court refuses to permit the codefendants to be called will comment upon their failure to testify if indeed they do not testify.
This in effect is the .situation anticipated by Judge Bell in De Luna v. United States (supra, p. 156) when he said in his special concurrence: “ The opinion of the majority will create an intolerable procedural problem. If Gomez or others similarly situated, claims the right which the majority holds that he has to comment on the failure of DeLuna to testify, a mistrial will be required at the instance of his co-defendant who did not take the stand. In addition, severance in advance of trial may be *851 required where there is a representation to the court that one co-defendant does not expect to take the stand while another or others do expect to testify, and claim their right to comment upon the failure of the other to testify. This would eliminate joint trials, or vest in a defendant the right to a mistrial during final arguments, or in the alternative create built-in reversible error, all in the discretion of the defendants. The law contemplates no such end.”
The New York Court of Appeals in People v. Owens (22 N Y 2d 93, 98, supra) said: “It is undoubtedly true that a party’s right to defend may be severely impaired if he cannot call his codefendant as a witness or, as the case may be, comment on his failure to testify [citing cases De Luna among them]. Consequently, these factors must be considered by the trial court in exercising its discretion whether to sever the trials of persons jointly indicted. ’ ’
Since Washington v. Texas (388 U. S. 14), the right of an accused to have compulsory process for obtaining witnesses in his favor has been a Sixth Amendment right applicable to the States through the due process clause of the Fourteenth Amendment. That right in this State is guaranteed by section 12 of the Civil Eights Law.
That right is unqualified unless arising in a joint trial and the prospective witness codefendant objects. (People v. Owens, supra, p. 97.) The qualifications of that right have been set out heretofore.
Under earlier Court of Appeals decisions as well as the opinion in Washington v. Texas (supra) this court must compel the attendance of a witness even though the probability of that witness testifying is very much in doubt (People v. Wells, 272 N. Y. 215, 216) and it would be error to permit the codefendant to be called, sworn and then claim his privilege (People v. Owens, supra, p. 97).
This court thus finds itself on the horns of a dilemma of conflicting coequal constitutional rights the resolution of which according to the Court of Appeals in Owens depends upon need in the context of a motion for separate trials. Neither the Sixth Amendment of the Constitution of the United States nor section 12 of the New York Civil Eights Law mentions the word in the text guaranteeing the right to compulsory process.
The language'of the Sixth Amendment is “ to have compulsory process for obtaining witnesses in his favor ”.
This court finds that the defendants have not sustained the burden defined above. They have further failed to show that
*852 the codefendants, if called, would refuse to testify and that a codefendant would be more likely to testify if he were tried separately. (Smith v. United States, 385 F. 2d 34; United States v. Kahn, 381 F. 2d 824; Gorin v. United States, 313 F. 2d 641; Kolod v. United States, 371 F. 2d 983.)
Since the Court of Appeals has indicated that reasonable need is a possible basis for severance, it follows that if reasonable need is not shown it would be error for this court to permit a codefendant to be subpoenaed in a joint trial. The same would be true with respect to making comment upon a codefendant’s failure to testify.
In United States v. Kahn (381 F. 2d 824, 840, cert. den. 389 U. S. 1015 [1967])" the court said: “ The procedural difficulties and the complication of joint trials arising from the rule suggested by dicta in Be Luna are so great that we cannot say there is an absolute right, without reference to the circumstances of the defense at trial, for a defendant to comment on the refusal of a co-defendant to testify. We think there must be more to justify the disintegration of a trial, such as a conspiracy trial, in which there is a cohesion of crime alleged, defendants charged, and proof adduced. There must be a showing that real prejudice will result from the defendant’s inability to comment.” (See, also, Hayes v. United States, 329 F. 2d 209, 221 [1964], cert. den. sub nom. Bennett v. United States, 377 U. S. 980.)
Again in Kolod v. United States (371 F. 2d 983, 991 [1967]) the Court of Appeals for the 10th Circuit commenting upon Be Luna said: “ The facts of De Luna do not compel a rule of constitutional dilemma expanding, as appellants would have us hold, to the generality that the right of a testifying defendant to comment on the failure of a co-defendant to testify is absolute, as is the non-testifying defendant’s right to be free of such comment.”
In People v. Noto (64 Misc 2d 876) cited by defendants, the motion for severance was denied on the ground that it was not shown that the codefendant, if called, would refuse to testify. The court said (p. 878) that until that was shown “ the question of granting separate trials to preserve the rights of the parties has not arisen.”
Nor are there here any prior exculpatory statements made under oath as in People v. Caparelli (21 A D 2d 882).
This court takes the view that its primary function is not that of an umpire at a sporting event. It must take a decisive role in assuring an accused a fair trial according to the laws of this State and the Constitution of the United States as *853 applicable herein. It follows that upon the trial of the indictment against these defendants the court would expect that any motions addressed to the question of calling a codefendant as a witness will be made to the court without the presence of the jury and that any comment with respect to the failure of a codefendant to testify will not be acceptable. (See De Luna v. United States, supra.)
The motions for separate trials made on behalf of the defendants, Sher, Amash and D ’Apice are denied.