■ CAMERON K. WEHRINGER, Appellant, v WEST PUBLISHING COMPANY INCORPORATED, Respondent.—Order, Supreme Court, New York County, entered May 20, 1976, dismissing the complaint for failure to state a cause of action, unanimously affirmed, without costs and disbursements. In May 1975, the defendant sent an unordered, updated edition of its Federal Rules of Civil Procedure to the plaintiff who had ordered, received and paid for an earlier edition in 1972. The latter notified the defendant that he was treating the new book as an unconditional gift under subdivision 2 of section 396 of the General Business Law and subdivision 1 of section 5-332 of the General Obligations Law. The single billing by the defendant thereafter, established by the affidavits on the motion to dismiss, does not constitute the continued sending of bill statements required by the General Obligations Law to warrant its injunctive relief, whether or not the sending of such a book under the circumstances here would qualify as an unconditional gift. Concur—Kupferman, J. P., Birns, Capozzoli, Lane and Lynch, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROSE LEE FONG, Appellant.—Judgment, Supreme Court, New York County, February 28, 1975, convicting defendant after a jury trial of criminal sale of a controlled substance, third degree, and sentencing her to a minimum of one year and a maximum of life in prison, unanimously affirmed. The trial court's refusal to render a decision on the defendant's pretrial motion made pursuant to *People v Sandoval* (34 NY2d 371) until the defendant had taken the witness stand on the trial we find to be error. While *Sandoval* refrained from laying down "precise guidelines" (p 375), it, nonetheless, contemplated a "prospective" ruling, among other reasons, to enable a defendant to decide whether to take the stand (p 373). In this instance we find the error harmless. The conclusive evidence of the defendant's guilt makes it unlikely that the jury would have rendered a more favorable verdict had she taken the stand. Neither does it appear that the court's postponement of its decision, with the possibility that it would ultimately restrict cross-examination of the defendant, was a compelling factor in her decision not to testify. Concur—Stevens, P. J., Markewich, Lane, Nunez and Lynch, JJ.