(May 18, 1978)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND OFFERMAN, Appellant.—Appeal from a judgment of the County Court of Montgomery County, rendered January 10, 1977, upon a verdict convicting defendant of the crime of murder in the second degree. Defendant was indicted for murder in the second degree and sodomy in the second degree. The victim was a 12-year-old boy whose mother was formerly engaged to marry the defendant. The indictments were consolidated on motion of the prosecution and over defendant's objection. As a result of an application based upon *People v Sandoval* (34 NY2d 371), certain statements were precluded, including a statement by the victim's brother describing homosexual acts between himself and the defendant. During trial and after the prosecution finished its proof, the court, on its own motion, dismissed the sodomy charge. The court then modified its prior *Sandoval* ruling and determined that the statement of the victim's brother could be used. Defendant did not take the stand. His defense was "extreme emotional disturbance". He was convicted of murder, second degree, and sentenced to

a prison term of 25 years to life. This appeal ensued. We find no merit to defendant's contention that the court erred in consolidating the indictments. This was a matter of discretion for the court and, since the autopsy revealed the possibility of the victim having been sodomized, we are unable, on this record, to say there was an abuse of discretion. We also reject defendant's contention that the court improperly dismissed the sodomy indictment in order to give the prosecution the potential of using the statement of the victim's brother on cross-examination. The record clearly reveals that the sodomy indictment was properly dismissed. As to the use of the statement on cross-examination, it is significant that defendant did not deny that he committed the murder, but rather the defense was based on his depression after his engagement with the victim's mother was terminated. While defendant could have testified as to his feelings of depression, he was not the sole witness on this issue and other defense witnesses did so testify. In view of such testimony and considering that, in our opinion, the conclusive evidence of defendant's guilt makes it unlikely that if he had taken the stand a more favorable verdict would have been rendered, we conclude that any error was harmless (see *People v Fong*, 54 AD2d 638). Defendant's final contention that the prosecution's summation was inflammatory and prejudicial is also rejected. While some of the remarks of the prosecutor would have been better left unsaid, the record, in our view, contains overwhelming proof of defendant's guilt and there is no significant probability that the jury would have acquitted absent the remarks. The judgment, therefore, should be affirmed *(People v Crimmins,* 36 NY2d 230; *People v Patno,* 55 AD2d 965). Judgment affirmed. Mahoney, P. J., Sweeney, Kane, Staley, Jr. and Larkin, JJ., concur.